Joseph R. ARMSTRONG, Sr., Appellant,

v.

The FROSTIE COMPANY, a New Jersey Corporation, Appellee.

No. 71–1434.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1971.

Decided Dec. 30, 1971.

915

Peter Parker, Baltimore, Md. (White, Page & Lentz, Baltimore, Md., on brief) for appellant.

James P. Garland, Baltimore, Md. (Cleaveland D. Miller and Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

Joseph Armstrong appeals from an order of the district court that (1) vacated his notice of dismissal without prejudice of an action he had filed against The Frostie Company, and (2) granted summary judgment for Frostie. We affirm.

In response to Armstrong's original complaint, Frostie filed an answer and a motion for summary judgment. At a

hearing on the motion for summary judgment, the district court denied the motion, but entertained a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. It then dismissed the complaint, giving Armstrong leave to amend within 15 days. Armstrong filed an amended complaint, alleging essentially the same cause of action, and Frostie filed another motion to dismiss. Armstrong responded with an affidavit setting forth facts in opposition. After oral argument on Frostie's motion, the court continued the proceedings to allow Armstrong to file additional memoranda in support of his position. Instead, Armstrong filed a notice of voluntary dismissal without prejudice, which Frostie immediately moved to vacate. The court vacated Armstrong's voluntary dismissal, treated Frostie's motion to dismiss, on which it had previously heard argument, as a motion for summary judgment, and entered judgment for Frostie.

## I

Rule 41(a) (1) (i) of the Federal Rules of Civil Procedure permits voluntary dismissal of an action without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment. . . ." Armstrong contends that no answer or motion for summary judgment had been served by Frostie to the amended complaint. Although these pleadings had been filed in response to the original complaint, he insists that the amended complaint superseded the original and produced an entirely new action. Since the initial complaint had been dismissed, he says that "it and any pleadings to it are a nullity."

■ Armstrong misconceives the purpose and policy behind Rule 41(a) (1) (i) permitting unilateral dismissal by the plaintiff without prejudice. The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case. *See* Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 107 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953); *cf.* Butler v. Denton, 150 F.2d 687, 689 (10th Cir. 1945). Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation, granting dismissal without prejudice becomes discretionary with the court. Fed.R. Civ.P. 41(a) (2); *see* 2B W. Barron & A. Holtzoff, Federal Practice and Procedure § 912 (C. Wright, ed. 1961).

■ Frostie satisfied both the letter and the spirit of the rule by filing an answer and a motion for summary judgment to Armstrong's original complaint. Dismissal of this complaint, followed by an amended complaint, increased rather than nullified Frostie's burden. The district court, therefore, properly vacated Armstrong's dismissal of the action without prejudice.

■ On appeal, Armstrong argues that the district court erred in not treating his notice to dismiss as a motion to dismiss without prejudice under Rule 41(a) (2) so that he could file his suit in a state court against Frostie and other defendants. We find no merit in this contention, for he did not seek this relief in the district court. Even if he had, denial of his motion would not have been an abuse of discretion in view of the advanced stage of the proceedings. *Cf.* Rollison v. Washington National Insurance Co., 176 F.2d 364, 367 (4th Cir. 1949).

## II

In his amended complaint Armstrong alleged that he had been a substantial stockholder in Beverage Capital Corp., which was engaged in bottling and distributing soft drinks in Maryland; that approximately 40 per cent of its product was sold as Frostie Root Beer under a franchise granted by The Frostie Co., but that Frostie wrongfully cancelled the franchise. He also alleged that Beverage sued Frostie because of the cancel-

lation of the franchise, but that before trial he was forced to sell his stock to avert financial disaster. He charged that the purchaser of the stock, fraudulently conspiring with Frostie and others, caused Beverage to settle the suit on terms advantageous to Frostie. He sought damages resulting from the sale of his stock, the loss of five years' salary he would have been paid as an officer of Beverage, the loss of profits to Beverage, and the loss of his reputation in the soft drink industry. In the affidavit supplementing his amended complaint, Armstrong averred that he had held 80 per cent of Beverage's stock, but that the cancellation of the franchise forced him to sell his holdings to avert personal bankruptcy.

Frostie moved to dismiss on the grounds that the claim was based only on an injury to Beverage which was barred by the doctrine of res judicata or collateral estoppel because of the prior settlement of Beverage's suit against Frostie.

There can be no doubt that the basis of Armstrong's complaint is Frostie's cancellation of Beverage's franchise. In his brief, Armstrong emphasizes that the adverse effect of the cancellation on Beverage's business compelled him to sell his stock, and he expressly states that his "claim for damages results from the sale of his stock and not from the specific activities engaged in by [Frostie] which so adversely affected [him]."

The case is governed by Miller v. Preston, 174 Md. 302, 199 A. 471 (1938). There, after the defendants gained control of a corporation and plunged it into bankruptcy, a stockholder, who was the president and a director of the corporation, filed suit complaining that the defendants had unlawfully conspired with each other to impoverish him, destroy his reputation, deprive him of his investment in the firm, and eliminate him from his executive position. The Court found no allegations of fact sufficient to sustain the cause, and in an alternative holding, which has a direct bearing upon the case before us, it said:

"The effect of all that the plaintiff relates in his declaration may have been as disastrous as he says, but, if so, his wrongs, if any, are those of a stockholder, which can only be enforced through a receiver, or if he refuses to act, then by a stockholder for the benefit of all." 199 A. at 476.

In Waller v. Waller, 187 Md. 185, 49 A.2d 449 (1946), which applied Miller, the complaint alleged that the defendants conspired to obtain control of the corporation and to do everything possible "to ruin plaintiff financially and destroy the value of his stock." 49 A.2d at 451. In affirming dismissal of the complaint, the Court reiterated that injury to a corporation must be asserted by the corporation or derivatively by a stockholder for its benefit. It barred suit by an individual even though the injury diminished or destroyed the value of his stock and eliminated him as an officer. Its holding on these issues is unequivocal:

"We specifically hold that where conspirators ruin a person financially by forcing into receivership a corporation in which he was a large stockholder, in order to eliminate him as an officer and to acquire control of the corporation, the wrongs are suffered by the injured person in his capacity as a stockholder, and the action to recover for resulting injuries should be brought by the receiver." 49 A.2d at 453.

█ These cases indicate that under Maryland law the claims Armstrong now presses for himself could have been asserted by a stockholder for the benefit of Beverage. However, Armstrong's right to bring a derivative suit was extinguished either by the settlement of Beverage's action against Frostie, or by Armstrong's sale of his stock.

In any event, the pleadings and Armstrong's affidavit disclosed there was no genuine issue of material fact, and

**918**

Frostie's motion to dismiss could be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). The district court, required by Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply Maryland law, properly entered summary judgment for Frostie.

Affirmed.