S. Victor **PATURZO**, Appellant,

v.

**HOME LIFE INSURANCE COMPANY**, a body corporate, Appellee.

No. 74-1277.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 22, 1974.

Decided Sept. 26, 1974.

---

C. Edward Jones and Joseph P. Mc-
Curdy, Jr., and Gallagher, Evelius &
Jones, Baltimore, Md., on brief for ap-
pellant.

J. Frederick Motz and Benjamin R.
Civiletti and Venable, Baetjer & How-
ard, Baltimore, Md., on brief for appel-
lee.

Before WINTER, CRAVEN and
BUTZNER, Circuit Judges.

PER CURIAM:

Plaintiff, S. Victor Paturzo, purchased
a $200,000 life insurance policy on the
life of his father, Salvatore Paturzo,
in which the son was named as the
primary beneficiary. In March 1972
plaintiff cancelled the policy's dividend
option to apply the dividends accumulat-
ed on the policy to the additional pur-
chase of one-year term life insurance.
An ambiguity as to the effective date of
cancellation, i.e., whether the additional
term insurance was cancelled for March
3, 1972, to March 3, 1973, or for March
3, 1973, to March 3, 1974, was the prin-
cipal dispute at trial. The effective date
of cancellation was crucial because the
father died on April 11, 1972. This is-
sue was decided against plaintiff, and it
is not raised on appeal. Another issue
was plaintiff's claim that under the poli-
cy he was entitled to a post-mortem divi-

dend for the year 1972 even though the insured died during that year.

On the morning of the trial, plaintiff, pursuant to Rule 41(a)(2), F.R.Civ.P., moved for an order of voluntary dismissal without prejudice of that portion of plaintiff's claim which concerned the post-mortem dividend. He asserted that he wished to litigate that aspect of his case in a class action which he had instituted that morning and in which he had prayed a jury trial. The motion was denied, and the issue raised on appeal is whether the lower court properly denied plaintiff's motion voluntarily to dismiss his own claim. We conclude that the district court did not abuse its discretion in denying the motion, and we affirm.

The record shows that both parties had extensively prepared for trial when plaintiff made his motion to dismiss. The declaration in this case had been filed in the Superior Court of Baltimore City on or about December 26, 1972. The case was removed to the district court on January 14, 1973, and the issues were joined on February 15, 1973, when defendant filed its answer. Plaintiff, having failed to make a timely demand for a jury trial, attempted to cure his waiver by filing a prayer for a jury trial on March 28, 1973, but the court denied the prayer on April 13, 1973. Cross-motions for summary judgment were filed, and were argued and denied on March 30, 1973. On June 22, 1973, a scheduling conference was held, and at this conference a trial date of October 9, 1973, was set. On September 14, 1973, a pretrial conference was held, and a pretrial order was entered. On the same date plaintiff requested that the trial be postponed because plaintiff's principal witness would be out of town during the week of October 9, 1973. Accordingly, the trial was rescheduled for December 3, 1973, which was a Monday.

During the course of all of the above-described proceedings, plaintiff's counsel never mentioned or suggested that he intended to dismiss the post-mortem dividend aspect of his suit and to institute a class action thereon. It was not until approximately 4:00 p.m. on the Friday afternoon preceding trial that plaintiff's counsel informed defendant's counsel of this intention. It was disclosed during settlement negotiations, and it was not until the morning of the trial that plaintiff filed his motion to dismiss and instituted the class action.

█ A court will not reverse the trial court's denial of plaintiff's voluntary motion to dismiss without prejudice except where it appears that the trial court failed to exercise its discretion, or abused its discretion. Armstrong v. Frostie Co., 453 F.2d 914 (4 Cir. 1971) (dicta); see Blue Mountain Construction Co. v. Werner, 270 F.2d 305 (9 Cir. 1959), cert. den., 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960). In *Armstrong*, supra, we said:

> Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation, granting dismissal without prejudice becomes discretionary with the court. Fed.R.Civ. P. 41(a)(2). 453 F.2d at 916.

Furthermore, we found that the denial of a plaintiff's motion voluntarily to dismiss would not have been an abuse of discretion "in view of the advanced stage of the proceedings." *Id.* at 916. Likewise in Young v. John McShain, Inc., 130 F.2d 31 (4 Cir. 1942), we indicated our hesitancy in granting a voluntary dismissal where the action has progressed to or beyond the trial stage. See also Shaffer v. Evans, 263 F.2d 134 (10 Cir. 1958) (no abuse of discretion in denying motion where action had been pending for six months, depositions had been taken, pretrial conference had been held, defendant had arranged for medical testimony, and case was apparently ready for trial); Rollinson v. Washington Nat. Ins. Co., 176 F.2d 364 (4 Cir.

1949) (where plaintiff had amended complaint three times, had had a pre-trial conference and had been served with answers to interrogatories).

The transcript in this case shows that the district court appropriately considered the fact that plaintiff had waived his right to a jury trial by failure to make a timely demand, and that plaintiff was requesting a jury in his newly-filed action. Understandably, the court below did not want to permit plaintiff to use indirect methods to obtain those rights he had forfeited through his own lack of diligence. See Second-79th St. Co. v. United States Steel Corp., 22 F. R.D. 98 (S.D.N.Y.1958).

■ Overall, we conclude that the district court did not abuse its discretion in its denial of plaintiff's motion to dismiss.

■ After denial of his motion, plaintiff refused to go forward with his proof on the post-mortem claim. Apparently, counsel was operating under the mistaken belief that he would waive his right to appeal the denial of his motion if he fully litigated the issue at trial. This apparent assumption was erroneous. The denial of plaintiff's motion was interlocutory and unappealable. When plaintiff's motion was denied, plaintiff was required either to present his proofs or to suffer the consequences of failure to do so. Blue Mountain Construction Co. v. Werner, 270 F.2d 305 (9 Cir. 1959), cert. den., 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960). Since plaintiff adduced no evidence to support his dividend claim, the district court appropriately decided it against him.

We deny plaintiff's motion for summary reversal, grant defendant's motion for summary affirmance and affirm the judgment from which the appeal is taken. We find it unnecessary to hear oral argument.

Affirmed.