Larry G. MOORE, owner of the Continental Massage, et al., Plaintiffs,

v.

Marvin L. DAVIS, Sheriff, Durham County, North Carolina, and Anthony Brannon, District Attorney for the Fourteenth Judicial District of North Carolina, Defendants.

No. C–75–542–D.

United States District Court,
M. D. North Carolina,
Durham Division.

Aug. 12, 1976.

Thomas F. Loflin, III, Durham, N. C., for plaintiffs.

Robert D. Holleman, Durham County Atty., Durham, N. C., for defendants.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This matter is before the Court on motion of the plaintiffs to voluntarily dismiss this action pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.[1] Since the defendants have failed to file a response within the required time limit,[2] the motion may be considered unopposed.[3] Nevertheless, the Court bases its ruling upon the following considerations. Rule 41(a) states:

(a) *Voluntary Dismissal: Effect Thereof.*

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judg-

1. The defendants previously moved on January 7, 1976, that the action be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. On February 26, 1976, the Court entered an order staying all proceedings in the case pending resolution of virtually identical issues in *Brown v. Brannon,* 399 F.Supp. 133 (M.D.N. C.1975), by the Fourth Circuit Court of Appeals. The Court of Appeals has since affirmed this Court's ruling in that case. *Brown v. Brannon,* 535 F.2d 1249 (4th Cir. 1976). How- ever, in light of the plaintiffs' motion to voluntarily dismiss and this Court's resolution of that motion, it will be unnecessary to rule on the defendants' Rule 12(b)(6) *motion.*

2. *See* Local Rule 21(g).

3. Although the defendants have failed to file a response, a letter in the file from the plaintiffs' attorney to the Clerk indicates that the defendants would be adverse to the plaintiffs' motion.

ment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

*Rule 41(a)(1)*

■ No answer has been filed in this action. The plaintiffs, apparently believing that their filing of a Rule 12(b)(6) motion ended their right of voluntary dismissal under Rule 41(a)(1)(i), moved to dismiss pursuant to Rule 41(a)(2). However, unless affidavits are submitted with a Rule 12(b)(6) motion and not excluded by the court so as to convert the motion to one for summary judgment, a plaintiff is still entitled to a voluntary dismissal pursuant to Rule 41(a)(1). 5 J. Moore, *Federal Practice* § 41.-02[3] at 1027–28 (2d ed. 1976).

■ No affidavits were submitted by the defendants in support of their motion to dismiss. The only affidavits submitted in the entire file were submitted by the plaintiffs—one to verify the complaint and two others in support of the plaintiffs' motion

for preliminary injunction. Since both the complaint and the motion for preliminary injunction have been superseded by the plaintiffs' motion for voluntary dismissal, the Court has not considered the affidavits supporting them. Therefore, since neither answer nor motion for summary judgment has been filed by the defendant, the plaintiffs are entitled to a voluntary dismissal without prejudice under the provisions of Rule 41(a)(1). The Court will treat the plaintiffs' motion as one sought pursuant to Rule 41(a)(1) and, as such, will grant the motion.

*Rule 41(a)(2)*

■ Even if the plaintiffs were not entitled to a voluntary dismissal pursuant to Rule 41(a)(2), the Court would be inclined to grant the plaintiffs' motion under the provisions of Rule 41(a)(2). The granting or denying of a motion pursuant to Rule 41(a)(2) is discretionary with the trial court. *Paturzo v. Home Life Insurance Co.,* 503 F.2d 333 (4th Cir. 1974); *Armstrong v. Frostie,* 453 F.2d 914 (4th Cir. 1971); *Piedmont Interstate Fair Ass'n v. Bean,* 209 F.2d 942 (4th Cir. 1954); 5 J. Moore, *Federal Practice* § 41.05[1] at 1055 (2d ed. 1976).

Although this action is now eight months old, it has not progressed very far. The action was delayed once by this Court while the Fourth Circuit Court of Appeals ruled on *Brown v. Brannon, supra.* It was further delayed by the death of one of the plaintiffs. No answer or motion for summary judgment has been filed, as previously noted, and there is no indication that discovery has commenced. Thus, it is doubtful that the defendants would suffer prejudice from the granting of a Rule 41(a)(2) motion. *See Southern Railway Co. v. Chapman,* 235 F.2d 43 (4th Cir. 1956).

Therefore, it is ORDERED that the motion of the plaintiffs for voluntary dismissal, which has been treated by the Court as a motion pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure, be, and the same hereby is, GRANTED.[4]

---

**4.** Although the plaintiffs' motion is granted without prejudice, it should be obvious to the plaintiffs after *Brown v. Brannon, supra,* that

there cause of action will not meet with success in this circuit. *See also Hogge v. Johnson,* 526 F.2d 833 (4th Cir. 1975).