**Anthony W. TEDESCHI and Lois Tedeschi, Plaintiffs,**

v.

**Smith BARNEY, Harris Upham & Co., Inc., Martin S. Berglas and John Maine, Defendants.**

**No. 81 Civ. 6938.**

United States District Court, S. D. New York.

Aug. 18, 1982.

Merrill J. Chapman, New York City, for plaintiffs.

Kramer, Coleman & Rhine, New York City, for defendants; Howard I. Rhine, New York City, of counsel.

## MEMORANDUM OPINION

### EDWARD WEINFELD, District Judge.

Following the service of an amended complaint, the defendants moved (1) to dismiss five of its six causes of action pursuant to Rule 12(b)(6) and (2) for partial summary judgment pursuant to Rule 56 as to the remaining cause of action. However, before these motions were heard, the plaintiffs, although they had commenced the action in this forum, moved to transfer it pursuant to 28 U.S.C., section 1404(a) to the District of New Jersey. The Court denied the motion to transfer as well as a subsequent motion for reargument. Thereafter, and before the defendants' outstanding motions could be heard, the plaintiffs filed a notice of dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. The dismissal was effected by the plaintiff under that part of the Rule which provides that "an action may be dismissed by plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment."

The defendants now move to vacate the notice of dismissal. They contend the plaintiffs cannot enter a unilateral voluntary dismissal of the action since (1) the defendants served an answer to the original complaint; (2) a motion for partial summary judgment which was made before the filing of the voluntary dismissal is pending and undetermined; and (3) plaintiffs, in opposition to the outstanding Rule 12(b)(6) motion, have submitted an extensive affidavit containing matters outside the pleading, thereby permitting consideration of the motion as one for summary judgment. The Court is urged to vacate the voluntary dismissal action unless it is entered with prejudice; otherwise, to decide the pending motions directed to the amended complaint.

The Court holds that the presentation of affidavits by plaintiffs has converted the defendants' motion as to the five causes of action as one for summary judgment. In addition, there is the fact that a motion for partial summary judgment is pending as to the sixth claim. Thus the plaintiffs were not authorized under the rule to enter a unilateral voluntary dismissal. While our Court of Appeals has not directly passed upon the issue,[1] the Fifth Circuit has,[2] and it held that a motion for partial summary judgment was "a motion for summary judgment" for purposes of Rule 41(a)(1)(i).

In addition, once the defendants served their original answer, the plaintiffs lost their right to unilateral dismissal under Rule 41(a)(1). The service of an amended complaint which did not change the substance of plaintiffs' original claims did not revive the right of unilateral dismissal.[3] Indeed, in opposing the 12(b) motion, plaintiffs' counsel stated "the 'Amended Complaint' ... accomplished only very minor corrections, typographical errors and inclusion of a document." To hold that the service of an amended complaint, leave to serve which was granted to correct a deficient original complaint, gives plaintiffs a further right to unilateral dismissal would tend to destroy the purpose of Rule 41(a)(1).

The voluntary dismissal is vacated and the defendants' pending motions are set down for argument on Tuesday, August 31, 1982. So ordered.

1. *See Thorp v. Scarne*, 599 F.2d 1169, 1174 (2d Cir. 1979).

2. *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979).

3. *See Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971).