UNITED STATES, PLAINTIFF *v.* GOLD MOUNTAIN COFFEE, LTD., ET AL., DEFENDANTS

Court No. 84–6–00858

Before RESTANI, *Judge.*

(Decided March 1, 1985)

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *Kevin C. Kenedy, J. Kevin Horgan,* Civil Division, United States Department of Justice, for plaintiff.

Barnes, Richardson & Colburn (Andrew P. Vance, Michael A. Johnson, John J. Galvin and *Carl J. Laurino, Jr.)* and *Kaplan, Russin, Vecchi, Eythan & Collins (Mattaniah Eytan),* for defendants.

RESTANI, *Judge:* In this action under 19 U.S.C. § 1592 (1982), plaintiff alleges that defendants improperly labeled coffee imported from Indonesia as coming from China. Plaintiff also alleges false statements regarding the shipping route of the coffee. Plaintiff now moves, pursuant to 28 U.S.C. § 2646 (1982) and Rules 7, 41(a)(2), and 59 of the Rules of this court, for (1) rehearing of this court's order of

February 15, 1985 in this action;* and (2) for voluntary dismissal without prejudice of this entire action. The February 15th order denied plaintiff's motion to amend its complaint to delete its claims relating to the country of origin of the merchandise at issue in this action. On February 20, 1985, plaintiff informed the court that it would not proceed to prove the country of origin claims scheduled to be tried on February 25, 1985. Consequently, these claims were dismissed with prejudice for want of prosecution.

A motion for rehearing is addressed to the sound discretion of the court. *Nahrgang Co.* v. United States, 6 CIT 210, Slip Op. 83–108 at 2 (1983), *citing Commonwealth Oil Refining Co.* v. *United States,* 60 CCPA 162, 166, 480 F.2d 1352, 1355 (1973). In general, "a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding." *Nahrgang* at 3, *citing W.J. Byrnes & Co.* v. *United States,* 68 Cust. Ct. 358 (1972). A rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trail; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake with impaired a party's ability to adequately present its case. *Nahrgang* at 3. In any event, in ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *Quigley & Manard, Inc.* v. *United States,* 61 CCPA 65, 67, 496 F.2d 1214 (1974). The court declines to reconsider its order with regard to the country of origin claims because plaintiff has not demonstrated a significant flaw in the original proceedings and subsequent order.

As with the country of origin claims, plaintiff's only reason for asking the court to dismiss its other claims without prejudice is the fear tht dismissal with prejudice might have some unknown effect on plaintiff's related civil forfeiture claim under 18 U.S.C. § 545, now pending in the United States district court. Plaintiff asserts, however, that the burden of proof in its district court case is a lesser burden than the burden of proof applicable to its cause of action before this court and, this, a dismissal with prejudice, in its view, would have no collateral estoppel effects. Balanced against this unknown harm to plaintiff is the fact tht defendants Tech Hock and Company (PTE), Ltd., Gold Mountain Holdings, Ltd., and Gold Mountain Coffee, Ltd. ("Teck Hock and Gold Mountain") have expended considerable time and money in trial preparation and are ready for trail in this court. The trail date has been set for an appreciable period of time. It would not be in the interest of justice or judicial economy to allow plaintiff to reinstate any part of the action against Teck Hock and Gold Mountain at a later date, thereby altering the trial date which was set after more than one conference on the subject and after at least

*Plaintiff's original moving papers were filed on February 15, 1985, following acceptance of plaintiff's oral motion on February 14, 1985. The motion now under consideration was filed on February 25, 1985. Trial of the additional claims was scheduled to commence on February 28, 1985.

one extension at plaintiff's request. Furthermore, plaintiff has presented no persuasive reason as to why the additional claims should not be treated in the same manner as the country of origin claims. The additional claims were discovered in time for plaintiff to amend its complaint to include them, theregy forcing defendants to prepare for trial of these claims. Plaintiff requests no additional discovery time to investigate these claims, and Tech Hock and Gold Mountain are ready to proceed to trial.

The primary case plaintiff cites in its favor concerns whether a court abused its discretion in dismissing a case without prejudice. *Puerto Rico Maritime Shipping Authority* v. *Leith,* 668 F.2d 46,50 (1st Cir. 1981). That case does not address what constitutes abuse of discretion when a motion for dismissal without prejudice is denied. Furthermore, it is factually distinguishable from the case at hand. Plaintiff also asserts that because discovery recently ended, dismissal with prejudice of its claims is not appropriate. This reason is not persuasive as the court believes plaintiff is at least partially accountable for the lateness of its decision to seek dismissal of this action. Plaintiff had many months after its suit was filed to conduct discovery and a considerable amount of time prior to filing suit to investigate any possible false statements. When dealing with a perishable commodity, plaintiff has a responsibility to proceed expeditiously. Plaintiff asserts that the court should not consider the perishable nature of the subject merchandise because it is no longer within the jurisdiction of this court. This case, however, does relate to the merchandise and resolution of the claims before this court will eliminate at least one barrier to the ultimate disposition of the goods.

The manner of dismissal of this action is within the sound discretion of this court under Rule 41(a)(2). Dismissal without prejudice on virtually the eve of trial is not warranted in the circumstances of this case. *See Ferguson* v. *Eakle,* 492 F.2d 26, 29 (3rd Cir. 1974), *Paturzo* v. *Home Life Insurance Co.,* 503 F.2d 333 (4th Cir. 1974); *Blue Mountain Construction Co.* v. *Werner,* 270 F.2d 305 (9th Cir.), *cert. denied,* 361 U.S. 931 (1959);,*Okert* v. *Union Barge Line Corp.,* 190 F.2d 303 (3rd Cir. 1951). Since plaintiff, on February 25, 1985, indicated that it will not proceed to trial on its remaining claims, all claims against Teck Hock and Gold Mountain are dismissed with prejudice for want of prosecution.

The only remaining issue is whether the dismissal with prejudice should include the claims against defendant Boustead Commodities, Ltd. Because Boustead was recently added as a defendant in this case and will not suffer the same prejudice that Teck Hock and Gold Mountain will experience if the claims are dismissied without prejudice, all claims against defendant Boustead are dismissed without prejudice. Furthermore, it appears that Boustead has not answered, therefore, plaintiff is entitled to notice a dismissal without prejudice under Rule 41(a)(1)(A).

Accordingly, plantiff's motion for rehearing is denied, plaintiff's motion for voluntary dismissal without prejudice is denied as to Teck Hock and Gold Mountain and granted as to defendant Boustead Commodities, Ltd., and all plaintiff's claims against Teck Hock and Gold Mountain are dismissed with prejudice for want of prosecution.