848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leland P. SULLIVAN, Plaintiff-Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellee.
Leland P. SULLIVAN, Plaintiff-Appellee,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellant.
 Nos. 87-3576, 87-3577.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: May 19, 1988.
 
 Ronald C. True (Law Offices of Michael T. Moore, on brief), for appellant.
 Joseph P. McGuire (McGuire, Woods & Bissette, P.A., on brief), for appellee.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leland P. Sullivan initiated this action against Westinghouse Electric Corporation (Westinghouse), seeking benefits pursuant to Westinghouse's pension plan. The district court found that the plan administrator did not arbitrarily and capriciously deny Sullivan the retirement benefits. Pursuant to Fed.R.Civ.P. 41(a)(2), the lower court also denied Sullivan's motion to dismiss without prejudice in light of his delay in obtaining new counsel. Sullivan appeals, asking this court to change the standard of review for ERISA claims, and find that the lower court abused its discretion in denying the Rule 41 motion. Westinghouse appeals, asking this court to reverse the denial of the company's motion to dismiss under Fed.R.Civ.P. 12(b)(6). Because we find no merit in either appeal, we affirm.
 
 I.
 
 2
 Sullivan was employed by Westinghouse on January 7, 1953, and was laid off from his job as a bill of material planner on February 28, 1985. Westinghouse eliminated Sullivan's job by adopting a manual system to plan the material requirements.
 
 
 3
 Sullivan filed a claim for early retirement under Section 2.D.2 of the Westinghouse Pension Plan in that his layoff resulted from a job movement. Section 2.D.2, expanded and restated as Section 2.D.3 in August, 1985, provides:
 
 
 4
 An employee who is laid off as a result of a Location Closedown, a Job Movement or a Product-Line Relocation after reaching his 50th birthday and before attaining his 58th birthday, and who has completed thirty (30) or more years of Eligibility Service at the time of layoff may apply for retirement ...
 
 
 5
 The plan administrator of Westinghouse rejected the claim, finding that Sullivan's position was eliminated, not moved.
 
 
 6
 On January 24, 1986, Sullivan brought suit against Westinghouse in the United States District Court for the Western District of New York, seeking entitlement to pension benefits. On October 23, 1986, New York granted Westinghouse's motion for a transfer of venue to the Western District of North Carolina pursuant to 28 U.S.C. 1404(a). Westinghouse answered the complaint on December 5, 1986, and on January 23, 1987, the court set the case for trial in June, limiting discovery therein. On March 20, 1987, Westinghouse filed for a dismissal pursuant to Fed.R.Civ.P. 12(b)(6), and alternatively for summary judgment. A hearing for these motions was set for April 20, 1987. At this point, Michael Belczak of New York was Sullivan's only counsel of record.
 
 
 7
 On April 14, 1987, Sullivan filed a motion to dismiss without prejudice, based on his recent retention of Ronald C. True as counsel. On April 20, the district court held that the findings of the plan administrator were not arbitrary and capricious. The lower court granted summary judgment for Westinghouse and denied both motions to dismiss.
 
 II.
 
 8
 As an employee pension plan, the Westinghouse Pension Plan is controlled by ERISA. 29 U.S.C. Sec. 1002(2)(a). Despite Sullivan's argument in support of a "reasonable" standard, it is well-established that decisions of a plan administrator are reviewed using an "arbitrary and capricious" standard. Berry v. Ciba-Geigy Corp., 761 F.2d 1003 (4th Cir.1985); Holland v. Burlington Industries, Inc., 772 F.2d 1140 (4th Cir.1985).
 
 
 9
 Ample evidence exists supporting the administrator's determination that Sullivan did not qualify for benefits. Sullivan claims he was dismissed as a result of job movement, making him eligible for retirement benefits under Section 2.D.2. However, undisputed affidavits from James R. Davis, the Personnel Manager, and A.W. Pettit, the Director of Compensation Benefits, point out that Sullivan's job was eliminated. No person does the job once performed by Sullivan. Based on this evidence, the district court properly found that the denial of benefits was not arbitrary and capricious.
 
 
 10
 Sullivan's claim of error in denying his motion to dismiss without prejudice is also without merit. The district court's decision is reviewed only for abuse of discretion. Armstrong v. Frostie Co., 453 F.2d 914 (4th Cir.1971) (denial of Rule 41 motion not an abuse of discretion in view of advanced stage of proceedings.)
 
 
 11
 Sullivan's case was transferred from New York on October 23, 1986, thus giving him until April 20, 1987 to obtain new counsel. Given the advanced stage of the proceedings, the district court's denial of Sullivan's motion was not an abuse of discretion.
 
 
 12
 In light of these findings, this court finds it unnecessary to address the merits of Westinghouse's appeal on the denial of its Rule 12(b)(6) motion. The district court's summary judgment order and denial of the motions to dismiss are
 
 
 13
 AFFIRMED.