**ANSONIA TENANTS' COALITION, INC., et al., Plaintiffs,**

v.

**ANSONIA ASSOCIATES, et al., Defendants.**

No. 95 Civ. 3544(SHS).

United States District Court, S.D. New York.

Oct. 23, 1995.

Eric A. Klein, New York City, for plaintiff.

Fran M. Jacobs, Richards & O'Neil, L.L.P., New York City, for defendants.

*OPINION*

STEIN, District Judge:

The question before this Court is whether defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted can be deemed to be a motion for summary judgment for purposes of defeating plaintiffs' right to voluntarily dismiss the complaint without order of court pursuant to Fed.R.Civ.P. 41(a)(1)(i).

Approximately two months after this action was commenced, defendants moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) on the grounds that (1) the complaint failed to state a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.* and (2) the remaining claims were pendent state claims for which no independent basis for federal jurisdiction existed. In the course of making those arguments in their moving papers, defendants appended to their motion papers pleadings and decisions from previous litigations commenced by plaintiffs in New York State courts for the purpose of establishing that plaintiffs' current claims had already been asserted in, and rejected by, those courts.

Prior to the return date of that motion to dismiss the complaint, plaintiffs executed a Notice of Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i), which provides that a plaintiff may dismiss an action without order of court "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Such a dismissal is without prejudice "[u]nless otherwise stated in the notice of dismissal." *Id.*

Defendants immediately moved to vacate that notice of dismissal, in order to attempt to prevail on their motion to dismiss and possibly obtain a dismissal with prejudice. Defendants claim in their motion to vacate the dismissal that their motion to dismiss should be treated as a motion for summary judgment for purposes of Rule 41 because it contained matters outside the pleadings—*i.e.*, the state court pleadings and decisions.

It is well settled in this circuit that "a motion to dismiss, if accompanied by matter

dehors the pleading, qualifies as a motion for summary judgment for Rule 41(a)(1)(i) purposes." *Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 286–287 (2d Cir.1989), *cert. denied,* 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990); *Sequa Corp. v. Gelmin,* No. 91 Civ. 8675, 1993 WL 437726, at *1 (S.D.N.Y. Oct. 26, 1993); *Tedeschi v. Smith Barney, Harris Upham & Co.,* 95 F.R.D. 182, 183 (S.D.N.Y.1982).

■ However, when presented with a Rule 12(b)(6) motion which contains additional materials, a court may either "exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment...." *Kopec v. Coughlin,* 922 F.2d 152, 154 (2d Cir.1991) (quoting *Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988)); *see also Milgrim Thomajan & Lee P.C. v. Nycal Corp.,* 775 F.Supp. 117, 120–21 (S.D.N.Y.1991). The decision of whether to convert a motion to dismiss into a motion for summary judgment is within the court's discretion, *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* No. 92 Civ. 9166, 1994 WL 494902, at *2 (S.D.N.Y. Sept. 9, 1994), *aff'd,* 60 F.3d 810 (2d Cir.1995) (Table), *cert. denied,* —— U.S. ——, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995); *Morris v. Gilbert,* 649 F.Supp. 1491, 1493–94 (E.D.N.Y.1986) (citing *Ware v. Associated Milk Producers, Inc.,* 614 F.2d 413, 415 (5th Cir.1980) (per curiam)), and in exercising its discretion the court looks to the substance of the motion. *National Cement Co., Inc. v. Mead Corp.,* 80 F.R.D. 703, 704–05 (S.D.N.Y.1978) (citing *Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885, 889 (7th Cir.1972)).

■ The inclusion of documents from prior state court proceedings with a motion to dismiss is, by itself, insufficient to require conversion into a motion for summary judgment. *See Kramer v. Time Warner Inc.,* 937 F.2d 767, 773–75 (2d Cir.1991) (court may consider matters of which judicial notice may be taken without converting a motion to dismiss into a motion for summary judgment); *E.I. Du Pont de Nemours & Co., Inc. v. Cullen,* 791 F.2d 5, 7–8 (1st Cir.1986) (court may take judicial notice of pleadings in prior proceedings); *Nix v. Fulton Lodge No. 2,* 452 F.2d 794, 797 (5th Cir.1971) (motion to dismiss is not converted into a motion for summary judgment when copies of court opinions are submitted), *cert. denied,* 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972).

■ In this case, the appending of prior court papers and decisions is of small moment, since those court papers and decisions provide little more than background information on the history of the case. The gravamen of defendants' motion to dismiss is the alleged failure of the complaint to properly set forth a RICO claim and the alleged pendency of all other non-federal claims. Indeed, the notice of motion to dismiss the complaint as well as defendants' supporting memorandum of law assert solely those two grounds. The references to prior court decisions involving these parties are but brief references in an extensive motion. Although the motion to dismiss, in the posture of this case, need not be decided, it could easily have been resolved without reference to the additional materials at issue here. *See Sequa Corp.,* 1993 WL 437726, at *2. Thus, this Court would have exercised its discretion not to convert the motion to dismiss into one for summary judgment.

Last, the proponent of the motion—defendants—themselves denominated the motion as one to dismiss, and it smacks of legerdemain for them now to assert that their own motion is something other than what they declared it to be, especially when to do so would discourage voluntary dismissals of actions in the early stages of the litigation, as defined by Congress. *See Santiago,* 753 F.2d at 223.

Accordingly, defendants' motion to vacate plaintiffs' voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i) is denied.