**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FINLEY LINES JOINT PROTECTIVE
BOARD UNIT 200, BROTHERHOOD
RAILWAY CARMEN, A DIVISION OF
TRANSPORTATION COMMUNICATIONS
UNION; JACK H. WRIGHT,
<u>Plaintiffs-Appellants,</u>

No. 96-1517

v.

NORFOLK SOUTHERN CORPORATION;
NORFOLK SOUTHERN RAILWAY
COMPANY,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CA-95-3903-7-3)

Argued: March 5, 1997

Decided: April 3, 1997

Before RUSSELL, MURNAGHAN, and MOTZ,
Circuit Judges.

_____

Reversed by published opinion. Judge Motz wrote the opinion, in
which Judge Russell and Judge Murnaghan joined.

_____

**COUNSEL**

**ARGUED:** Newton G. McCoy, C. MARSHALL FRIEDMAN, P.C.,
St. Louis, Missouri, for Appellants. Frank Huger Gibbes, III, GIB-

BES, GALLIVAN & WHITE, Greenville, South Carolina, for Appellees. **ON BRIEF:** C. Marshall Friedman, Kenneth E. Rudd, C. MARSHALL FRIEDMAN, P.C., St. Louis, Missouri; Susan Ingles, Greenville, South Carolina, for Appellants. Stephanie H. Burton, GIBBES, GALLIVAN & WHITE, Greenville, South Carolina; Mark D. Perreault, NORFOLK SOUTHERN CORPORATION, Norfolk, Virginia, for Appellees.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

This is an appeal from an order vacating a notice of voluntary dismissal. Because at the time plaintiffs filed the notice, defendants had not answered the complaint, moved for summary judgment, or filed a motion to dismiss that had been treated as a motion for summary judgment, we reverse.

I.

On November 22, 1995, Finley Lines Joint Protective Board Unit 200, Brotherhood Railway Carmen and J. H. Wright (collectively Finley) filed a complaint in the United States District Court for the Eastern District of Tennessee alleging that the Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively Norfolk) had violated certain provisions of the Railway Labor Act, 42 U.S.C. §§ 151-188 (1994). On December 5, 1995, Norfolk moved to transfer the case to the United States District Court for the District of South Carolina. On the same day, Norfolk also filed a motion to dismiss the action and attached to its memorandum in support of that motion the affidavits of two Norfolk employees. Two days later, without acting on the motion to dismiss, the district court in Tennessee transferred the case to the District of South Carolina.

Finley then moved to enlarge the time to respond to Norfolk's motion to dismiss. Norfolk opposed the motion and on January 25, 1996, the district court denied it. The next day, January 26, 1996, Finley filed a notice of voluntary dismissal without prejudice pursuant to

2

Fed. R. Civ. P. 41(a)(1)(i). Later that same day, Finley also filed a memorandum in opposition to Norfolk's motion to dismiss and supporting documents.

On February 5, 1996, Norfolk moved to vacate Finley's notice of voluntary dismissal, arguing that Finley was not entitled to voluntarily dismiss the case pursuant to Rule 41 because Norfolk's motion to dismiss and supporting affidavits constituted a motion for summary judgment under Fed. R. Civ. P. 12(b)(6). On March 14, 1996, the district court held a hearing and considered affidavits and memoranda from both sides. Four days later the district court filed a nine page memorandum order in which it granted Norfolk's motion to vacate Finley's notice of voluntary dismissal and also granted the Company's motion to dismiss the complaint with prejudice. The order contained no rationale for granting the motion to vacate; it was solely directed at the motion to dismiss.

Finley appeals, asserting that the district court erred in both rulings. Our conclusion that the district court erred in granting the motion to vacate Finley's notice of voluntary dismissal without prejudice disposes of the need, or ability, to review its decision as to Norfolk's motion to dismiss.

II.

Determination of the critical issue presented in this appeal -- whether the district court properly vacated Finley's notice of voluntary dismissal -- depends upon the proper interpretation and interrelation of Rule 41(a)(l)(i) and Rule 12(b)(6).

Rule 41(a)(l) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1). Thus, a plaintiff need not secure court approval to dismiss his case without prejudice if he acts before the defendant serves an answer or motion for summary judgment. This "dismissal is available as a matter of unconditional right . . . and is self executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." Marex Titanic, Inc. v. Wrecked and Aban-

doned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (citing Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1980), and Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890, 895 (4th Cir. 1972)).

Norfolk recognizes these controlling principles and concedes that it neither answered the complaint nor moved for summary judgment prior to January 26, 1996, the date Finley filed its notice of voluntary dismissal. Nevertheless, Norfolk asserts that Finley had no right to dismiss under Rule 41(a)(1)(i) because Norfolk's December 5, 1995 motion to dismiss was supported by materials outside the complaint and thus must be treated as a motion for summary judgment under Rule 12(b)(6).

Rule 12(b)(6) provides that "[i]f . . . matters outside the pleadings are presented to and not excluded by the court , the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6) (emphasis added). The district court had not considered Norfolk's Rule 12(b)(6) motion when Finley filed its Rule 41(a)(1)(i) notice. Indeed, the only action the district court had taken prior to January 26, 1996 when Finley filed its notice was to deny Finley's motion for an extension to time to respond to the Rule 12(b)(6) motion.[1]

Norfolk maintains a Rule 12(b)(6) motion to dismiss supported by outside materials is converted into a motion for summary judgment at the time "that it was served." Brief of Appellees at 17. There is some limited support for this theory. See Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989) (possibly dicta -- because it is unclear from the opinion whether the district court actually considered extraneous materials attached to the motion to dismiss and so

_____

[1] Norfolk notes that at the March 1996 hearing on its motion to dismiss, the district court indicated it would rely on these extraneous materials and Finley assented to this reliance. However, Norfolk acknowledges, as it must, that this hearing took place two months after Finley had moved under Rule 41(a)(l)(i). Indisputably, the only  action taken by the district court prior to Finley's Rule 41(a)(l)(i) motion was to deny Finley's motion for an extension of time. Thus, Norfolk cannot proffer any evidence that the district court considered its Rule 12(b)(6) motion before Finley moved to dismiss without prejudice under Rule 41(a)(l)(i).

4

converted the motion to one for summary judgment prior to the plaintiff's filing the Rule 41(a)(l)(i) notice); Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979) (same); Kurkowski v. Volcker, 819 F.2d 201, 203 (8th Cir. 1987) (alternative holding); Tedeschi v. Barney, 95 F.R.D. 182, 183 (S.D.N.Y. 1982) (alternative holding).

We cannot embrace this interpretation, however, because it is at odds with the language and intent of Rule 12(b)(6), our decision in Wilson-Cook Med. Inc. v. Wilson, 942 F.2d 247 (4th Cir. 1991), and the better reasoned out-of-circuit precedent.

First, and most obviously, the plain language of the rule does not permit conversion upon service. Rule 12(b)(6) does not provide that a motion to dismiss supported by materials outside the pleadings shall be treated as one for summary judgment when "filed" with the court or when "served" on a party. Rather, the rule expressly states that a motion to dismiss supported by such materials "shall be treated" as a summary judgment motion only when the materials are"presented to and not excluded by the district court." Fed. R. Civ. P. 12(b)(6). This language can only mean, as Professor Moore has concluded, that the "mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." 2A James Wm. Moore, Moore's Federal Practice ¶ 12.09[3] (2d. ed. 1996).

Moreover, holding as Norfolk urges would undermine one of the critical features of the conversion provision of Rule 12(b)(6). If a motion to dismiss supported by extraneous materials automatically converts to a summary judgment motion upon service, the discretion Rule 12(b)(6) vests in the district court to determine whether or not to "exclude" matters outside the pleadings would be eliminated. Id. See e.g., Wilson-Cook, 942 F.2d at 247; Keeler v. Mayor & City Council of Cumberland, 928 F. Supp. 591, 594 (D. Md. 1996); Walker v. Tyler County Comm'n, 886 F. Supp. 540, 542 n.1 (N.D.W. Va. 1995).

Norfolk's suggestion also conflicts with Rule 12(b)(6)'s requirement that a court provide parties with notice of its intention to treat a motion to dismiss as one for summary judgment and"a reasonable opportunity to present all material made pertinent to such a motion by

5

Rule 56." Fed. R. Civ. P. 12(b)(6); see also Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1311 (4th Cir. 1995), vacated on other grounds, 116 S. Ct. 1821 (1996); Johnson v. RAC Corp., 491 F.2d 510, 513-14 (4th Cir. 1974); Gay v. Wall, 761 F.2d 175, 177-178 (4th Cir. 1985).

Furthermore, Norfolk's conversion upon service rule is at odds with our recent holding in Wilson-Cook, 942 F.2d 247. In that case, the defendant contended that its Rule 12(b)(6) motion had been converted into a summary judgment motion preventing the plaintiff from voluntarily dismissing without prejudice because the district court had not expressly rejected materials outside the pleadings submitted in support of the motion. We rejected this argument. We concluded that although the district court had not expressly excluded the materials, it had refused to consider them in ruling on the motion and so "effectively excluded" them. Id. at 252. Thus, the Wilson-Cook holding accords with our conclusion here that no conversion occurs unless and until a court indicates that it will consider the extraneous material. Conversely, the Wilson-Cook holding would not have been possible if we were to adopt Norfolk's theory that a speaking Rule 12(b)(6) motion is converted into a summary judgment motion when served.

Additionally, our interpretation of Rule 12(b)(6) accords with the better reasoned view that "conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude extraneous matters." Aamot v. Kassel , 1 F.3d 441, 445 (6th Cir. 1993); Manze v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3rd Cir. 1987); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363, at 259 (2d. ed. 1995) ("[U]nless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice."). See also David v. Denver , 101 F.3d 1344, 1352 (10th Cir. 1996); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). As the First Circuit recently explained:

> [T]he proper approach to Rule 12(b)(6) conversion is functional rather than mechanical. A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court. If the

6

> district court chooses to ignore the supplementary materials
> and determines the motion under the Rule 12(b)(6) standard,
> no conversion occurs.

Garita Hotel Ltd. Partnership v. Ponce Fed. Bank , 958 F.2d 15, 18-19 (1st Cir. 1992) (collecting cases).

Finally, we note that, contrary to Norfolk's suggestion, no policy concerns mandate against the conclusion we reach here. It is true that Rule 41(a)(1) is "designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971).**2** Moreover, "one can question the wisdom of allowing a party, through adroit lawyering, to dismiss a case in order to avoid an unfavorable decision on the merits." Marex, 2 F.3d at 547. Even so, we must follow the "plain meaning of Rule 41(a)(1)(i)'s text." Id.

Thus, although in Marex the plaintiff had been "dissembling, if not downright fraudulent," and the defendant had expended considerable time and effort, we refused to hold that a Rule 41(a)(l)(i) voluntary dismissal was unavailable to the plaintiff. Id.  Finley did not engage in activity comparable to that of the plaintiff in Marex, nor, prior to the filing of the Rule 41(a)(l)(i) notice, was Norfolk put to the effort demanded of the defendant in that case. Accordingly, Marex forecloses Norfolk's suggestion that equitable concerns require us to bend Rule 41(a)(l)(i) in this case.

Indeed, as the Sixth Circuit recently noted in considering this ques-

---

**2** Notwithstanding Norfolk's reliance on Armstrong, the case does not support Norfolk's position. We did not hold there that, upon service, defendant's Rule 12(b)(6) motion to dismiss the amended complaint automatically became a summary judgment motion foreclosing the plaintiff from invoking Rule 41(a)(1)(i). See Marex , 2 F.3d at 547 n.5. Rather, in Armstrong we upheld the district court's order vacating a plaintiff's notice of voluntary dismissal of an amended complaint because the defendant had earlier filed an answer and motion for summary judgment in response to the similar original complaint. Armstrong, 453 F.2d at 916.

tion, Norfolk's theory, "[p]ermitting a defendant, merely by appending to this Rule 12(b)(6) motion material `outside the pleadings,' regardless of their scope, content or form, to abuse a plaintiff's right to voluntarily dismiss his action without prejudice, not only circumvents the plain language of the rule, but flies in the face of the `time and effort rationale.'" Aamot, 1 F.3d at 444.

Rule 41(a)(l)(i) itself provides a defendant who wishes to "avoid wasting time or money" and "preclude future prejudice to its interests" with a simple remedy to prevent a plaintiff from sua sponte dismissing an action without prejudice: the defendant can file an answer or move for summary judgment. Id. See also Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977). If a defendant fails to pursue this remedy, it cannot circumvent the rule simply by serving the plaintiff with a motion to dismiss, supported by extraneous materials. A plaintiff confronted with such a response is free to invoke Rule 41(a)(l)(i).

Accordingly, we reject Norfolk's theory. Instead we hold that a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.

III.

The district court erred in vacating Finley's notice of voluntary dismissal. Accordingly, its judgment is

REVERSED.

8