**UNITED STATES of America, Plaintiff,**

v.

**GREATER BLOUSE, SKIRT & NECK-WEAR CONTRACTORS ASSOCIA-TION, Inc., et al., Defendants.**

United States District Court
S. D. New York.
April 13, 1964.

John J. Galgay, Dept. of Justice, New York City, for United States.

Wilbur Daniels, New York City, for defendant, Greater Blouse, Skirt & Neck-wear Contractors Association, Inc.

Amen, Weisman & Butler, New York City, for defendant, Nat. Ass'n of Blouse Manufacturers, Inc.

Lord, Day & Lord, New York City, for defendant, Slate Belt Apparel Contractors' Ass'n, Inc., John W. Castles 3d, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant, Local 25, International Ladies' Garment Workers Union.

EDWARD WEINFELD, District Judge.

The defendant, Slate Belt, moves to vacate a notice of voluntary dismissal of this action filed by the plaintiff pursuant to Rule 41(a) (1) (i) of the Federal Rules of Civil Procedure, which authorizes such dismissal without order of Court "at any time before service by the adverse party of an answer." The complaint charged Slate Belt and others with violations of the Sherman Act[1] and sought injunctive relief. Neither Slate Belt nor any other defendant filed an answer. Only Slate Belt seeks vacatur of the voluntary dismissal. Notwithstanding that it never filed an answer, Slate Belt urges that the Rule should not be applied literally, since the dismissal was not at an "early stage of the proceeding," and if permitted to stand, will be to its prejudice.

The fact is there never was any joinder of issue, whether by formal answer or otherwise. At no time have the merits

1. 26 Stat. 209 (1890), as amended, 15 U.S.C. §§ 1, 2 (1958).

of the litigation been presented to the Court, nor was it ever called upon to exercise any function with respect to any phase of the plaintiff's claim. The actions of the parties were concentrated upon and directed toward a proposed decree, a matter of private negotiation among the various litigants extending over a period of almost two years after commencement of suit. These negotiations do not bring the case within Harvey Aluminum, Inc. v. American Cyanamid Co.,[2] where, although no formal answer had been served, the merits of the controversy were raised and passed upon in connection with a motion for injunctive relief. The negotiations, protracted by the parties themselves, cannot be considered the equivalent of an answer, a motion for summary judgment or for injunctive relief, or Court action upon the merits of the asserted claim. The Government, no less than the defendant, cannot be compelled to agree to the terms of a proposed decree,[3] and failure to reach an accommodation does not constitute prejudice. Neither does the fact that the defendant incurred legal fees and expenses in the course of the extended negotiations, in itself, constitute prejudice. So did the other defendants; and so did the Government.

In the absence of an answer or other joinder of issue resulting from consideration and action by the Court upon the merits of the controversy, the case is in the same posture as it was on the day the complaint was filed—in this respect it is at "an early stage of the proceedings before issue is joined."[4] The legal position of each of the parties is as it was when the action was commenced. Accordingly, plaintiff was entirely within its rights in filing the voluntary dismissal under the Rule.

The motion is denied.

**2.** 203 F.2d 105 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953).

**3.** United States v. Ward Baking Co., 84 S.Ct. 763.

**4.** Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 107 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953).