**GIANIS & CO., Incorporated, S. George Gianis Foundation, V.A.R. Corporation Limited and S. George Gianis, Plaintiffs,**

v.

**Bertram M. OSTRAU, Tessel, Paturick & Ostrau, Inc., Martin J. Joel & Co., Wm. V. Frankel & Co., Incorporated, Murray Levison and Norman Muller, Defendants.**

**No. 67 Civ. 3873.**

United States District Court
S. D. New York.
Dec. 29, 1967.

**406**

Spear & Hill, New York City, for plaintiffs.

Bernard S. Kanton, New York City, for defendant Wm. V. Frankel & Co., Incorporated.

MANSFIELD, District Judge.

■ Defendant Frankel & Co. moves to vacate plaintiffs' notice of voluntary dismissal without prejudice pursuant to Rule 41(a) (1) (i), F.R.C.P., and to enter an order of dismissal with prejudice. The motion is denied for the reason that since the moving defendant has not served an answer or motion for summary judgment, plaintiffs are entitled as of right to dismiss voluntarily without prejudice. Rule 41(a) (1) (i).

■ Movant's contention that irrespective of the status of the formal pleadings it has sufficiently litigated the merits to bar plaintiffs from dismissing without prejudice is not supported by the record of the proceedings in the case before the filing of the voluntary dismissal. Following commencement of the action on October 4, 1967, a brief chambers conference on notice (but not attended by movant) was held before Judge Bonsal on October 5, 1967 on the issue of irreparable harm in connection with plaintiffs' application for an order to show cause. The only other proceedings of significance were defendant's motion to quash plaintiffs' civil subpoena and plaintiffs' motion for a preliminary injunction, both of which were withdrawn before hearing and without litigating the merits of the action. Although plaintiffs filed an amended complaint, and defendant served a demand for names and addresses, interrogatories, and a notice to take plaintiffs' depositions, issue was never joined, nor were the merits of the controversy ever presented to the Court. Plaintiffs were therefore entitled to a voluntary dismissal without prejudice. Compare Littman v. Bache & Co., 252 F. 2d 479 (2d Cir. 1958) and United States v. Greater Blouse, Skirt and Neckwear Contractors' Assn., 35 F.R.D. 130 (S.D. N.Y.1964) with Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), where extensive hearings were conducted upon an application for preliminary injunction, resulting in a trial of the merits.

■ Plaintiffs' amendment of its complaint did not (as movant contends) constitute a first dismissal rendering its present dismissal an adjudication on the merits under Rule 41(a) (1) (i).

Accordingly, the motion is denied in all respects.

So ordered.