Edward Emanuel **SHELDON**, Plaintiff-Appellee,

v.

**AMPEREX ELECTRONIC CORPORA-TION**, Defendant-Appellant.

No. 91, Docket 71–1501.

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1971.

Decided Oct. 8, 1971.

Morris Relson, New York City, for defendant-appellant.

Sidney David, Newark, N. J. (Lerner, David & Littenberg, Newark, N. J., on the brief), for plaintiff-appellee.

Before LUMBARD, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

This appeal raises the question of whether a plaintiff may, pursuant to Rule 41.(a) (1) (i), F.R.Civ.P., voluntarily dismiss an action against one defendant after it has been severed from a multi-defendant suit. We hold that he may do so and affirm the district court's decision denying the motion of Amperex Electronics Corporation seeking to strike the dismissal, essentially for the reasons set forth by Judge Zavatt in his opinion, 52 F.R.D. 1 (E.D.N.Y. March 29, 1971).

Plaintiff's voluntary dismissal represents one more maneuver in a protracted conflict between the parties with respect to the forum in which the merits of the patent issues between them are to be tried. Plaintiff chose the Northern District of Illinois, where it brought suit in March of 1969 against the manufacturer and supplier of the alleged infringing TV tube (Amperex), an alleged seller of the product (Newark Electronics Corporation), and two alleged users (Field Communication Corporation and W.L.S. Radio). Amperex prefers to have the issues tried in New York, where it has its principal place of business and plaintiff resides.

Defendants made several motions in the Illinois action, directed principally to the issue of venue in the Northern District. As a result W.L.S. Radio was dropped as a defendant and American Broadcasting Companies, Inc. was substituted in its place. After plaintiff had conducted discovery on the venue issue and entered its opposition to the remaining motions the district court denied them. Thereupon the defendants sought mandamus in the Seventh Circuit Court of Appeals. That Court found venue improper as to Amperex under the patent venue statute, 28 U.S.C. § 1400(b), and ordered that the action against Amperex be transferred to the Eastern District of New York and severed from that against the remaining defendants, and that the latter suit be stayed pending disposition of the transferred action. Plaintiff then voluntarily dismissed its action against Amperex, which promptly moved to strike the dismissal and simultaneously brought an independent declaratory judgment action against plaintiff in the Southern District of New York.

Although Amperex might well have been able before severance to avail itself of earlier motions by its codefendants as a basis for barring any attempt to dismiss the entire multi-defendant suit in the Northern District of Illinois, see Harvey Aluminum Co. v. American Cyanamid Company, 203 F.2d 105 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), the severance of Amperex from that lawsuit, which took effect when ordered, decisively changed the situation. From that moment on the lawsuit against it became a separate action which could be dismissed voluntarily at any time prior to the service of an answer or a motion for summary judgment or the equivalent on the part of Amperex. See Littman v. Bache & Co., 252 F.2d 479 (2d Cir. 1958), and Gianis & Co. v. Ostrau, 43 F.R.D. 405 (S.D.N.Y.1967).

Our affirmance should not be construed as necessarily approving statements of the district court that were not essential to its decision, such as its characterization of Amperex's conduct as dilatory, its description of Amperex's separate suit in the Southern District of New York as not brought in good faith, its limiting interpretation of the order issued by the Seventh Circuit Court of Appeals which stayed the remaining action in the Northern District of Illinois, and its statement that Amperex may be bound by the outcome of the latter action under the doctrine of *res judicata*. Nor should our decision be interpreted as a suggestion that the stay issued by the Seventh Circuit should be vacated.

Affirmed.