**BANGOR BAPTIST CHURCH, Bangor Christian Schools, Grace Baptist Church, Grace Baptist Church Schools, Independent Baptist Church, Farmington Christian School, First United Baptist Church, Lee Christian Schools, Victory Baptist Church, Victory Christian Schools, Sebec Corner Christian Church, Sebec Christian Academy, First Baptist Church, Kingfield Christian Academy, Reverend Herman C. Frankland, Reverend Harry R. Boyle, John D. Linnehan, Jr. and Heather M. Linnehan, his wife, Alfred R. Rousell and Lianne M. Roussel, his wife, David Lavway, Bonnie C. Boyington, Eugene St. Clair, Jr. and Maine Association of Christian Schools, Plaintiffs,**

v.

**STATE OF MAINE, DEPARTMENT OF EDUCATION AND CULTURAL SERVICES, and Harold Raynolds, Jr., Commissioner, Defendants.**

**Civ. No. 81–0180–B.**

United States District Court,
D. Maine.

Nov. 19, 1981.

Kevin M. Cuddy, Samuel W. Lanham, Jr., Bangor, Me., William B. Ball, Philip J. Murren, Kathleen A. O'Malley, Harrisburg, Pa., for plaintiffs.

Rufus E. Brown, Deputy Atty. Gen., Ellen E. George, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM DECISION

CYR, District Judge.

Plaintiffs filed a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(i) seeking to effect the unilateral dismissal of this action without an order of court. Defendants challenge its timeliness.

Rule 41(a)(1)(i) permits the plaintiff, without the consent of the defendant or approval by the court, to dismiss an action, without prejudice, "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...."[1] Before the notice of dismissal was filed by plaintiffs, defendants filed a motion, denominated a motion to dismiss, pursuant to Rule 12(b)(1) and (6), accompanied by affidavits. The defendants' motion, as amended, had been fully briefed by the time the notice of dismissal was filed and oral argument was to have been held three days later.

It is settled law that a timely notice of dismissal, without more, closes the case, see 9 Wright & Miller, *Federal Practice & Procedure* : Dismissal of Actions § 2363, nn. 40–43; and the file. *D. C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975). The timeliness of the notice is all that remains for consideration by the court "should the question arise whether an answer or a motion for summary judgment has in fact been filed prior to the filing of the notice of dismissal...." *Id.*

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, accompanied by matters outside the pleadings and not excluded by the court, is to be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). *Medina v. Rudman*, 545 F.2d 244, 247 (1st Cir. 1976). The 12(b)(6) motion filed in this case was converted into a motion for summary judgment, upon the presentation of affidavits not excluded by the court. *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). The notice of dismissal

---

1. Fed.R.Civ.P. 41(a)(1)(i).

is to be treated as a motion for dismissal under Rule 41(a)(2).