**UNIVERSIDAD CENTRAL DEL CARIBE, INC., Plaintiff, Appellant,**

v.

**LIAISON COMMITTEE ON MEDICAL EDUCATION, Defendants, Appellees.**

No. 84–1489.

United States Court of Appeals, First Circuit.

Heard Feb. 7, 1985.

Decided April 24, 1985.

Judith Berkan, Santurce, P.R., with whom Miriam Naveira De Rodon, San Juan, P.R., and Oscar Gonzalez Badillo, Hato Rey, P.R., were on brief, for plaintiff, appellant.

Adrian Mercado, San Juan, P.R., with whom Rua & Mercado, San Juan, P.R., was on brief, for defendants, appellees.

---

* Of the Fifth Circuit, sitting by designation.

**1.** The plaintiff alleged that the decision by LCME to withdraw accreditation violated federal regulations governing the operation of educa-

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

WISDOM, Senior Circuit Judge.

This case raises the issue whether a district court has discretion to convert a plaintiff's notice of voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(1) into a dismissal with prejudice under Rule 41(a)(2). Rule 41(a)(1)(i) allows a plaintiff voluntarily to dismiss a case by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. Although the plaintiffs in this case filed a proper notice of voluntary dismissal without prejudice under this rule, the district court entered an order and judgment dismissing the plaintiff's claim *with prejudice.* We vacate that judgment and remand with instructions to enter an order dismissing the case without prejudice.

### I.

The plaintiff, Universidad Central del Caribe, Inc. (UCC), owns and administers a medical school in the town of Cayey, Puerto Rico. The school was accredited by the Puerto Rico Council on Higher Education and was provisionally accredited by the defendant, the Liaison Committee on Medical Education (LCME), a federally recognized accrediting entity jointly composed of members of the American Medical Association and the Association of American Medical Colleges. In a letter of October 21, 1983, LCME notified UCC that its accreditation would be withdrawn effective June 30, 1984. UCC immediately filed an administrative appeal from that decision, and a hearing was set for mid-February 1984.

In February 1984 the plaintiff filed for declaratory and injunctive relief in federal district court to restrain the defendant from withdrawing accreditation on the proposed date.[1] The plaintiff also sought

tional accrediting agencies, was based on improper discriminatory criteria in violation of the equal protection clause, was reached through procedures that violated the due pro-

damages for the threatened loss of accreditation. The district court granted a temporary restraining order on February 21, 1984, and the order was further extended by agreement of the parties on a number of occasions. The defendant never filed either an answer to the complaint or a motion for summary judgment. The only pleadings filed by the defendant were a motion for a change of venue and motions to dismiss under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and under 12(b)(6) for failure to state a claim upon which relief may be granted.

On April 20, 1984, LCME entered an administrative decision rescinding its earlier decision to withdraw accreditation. On May 3, 1984, the plaintiff filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(i). The notice stated that, although there were many issues included in the action that had not been rendered moot by the reinstatement of accreditation, UCC had decided not to continue with the lawsuit at that time. The defendant filed an opposition to the notice of voluntary dismissal, arguing that the dismissal should be with prejudice in view of the fact that the defendant had spent considerable time, effort, and money defending the action, including the cost of a flight from the continental United States to Puerto Rico by the defendant's counsel, and in view of the fact that there were pending before the court motions to dismiss the complaint on the merits.

On May 11, 1984, before the plaintiff had an opportunity to respond to the defendant's argument, the district court entered an order and judgment dismissing UCC's claim *with prejudice.* The court made no reference in its order to any Federal Rule that provided the basis for its dismissal with prejudice. The plaintiff filed a motion requesting reconsideration of the judgment and replying to the defendant's argument concerning dismissal with prejudice. The court took no further action with respect to the motion. The plaintiff appealed.

cess clause, and was in violation of the internal

## II.

Fed.R.Civ.P. 41(a)(1) provides:

Subject to the provisions of Rule 23(e) [governing dismissal of class actions], of Rule 66 [governing actions in which a receiver has been appointed], and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

By its terms, this rule governs voluntary dismissals by the plaintiff and does not require the intervention of the court. Dismissals by order of the court are governed by Rule 41(a)(2), which provides:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The plaintiff argues that under the unambiguous language of Rule 41(a)(1)(i), it had an unqualified right voluntarily to dismiss its action without prejudice because at the time of the notice of dismissal the defendant had filed neither an answer nor

rules of the accrediting agency.

a motion for summary judgment. The plaintiff insists that only Rule 41(a)(2) allows the court to impose conditions on the dismissal of an action, and the district court did not explicitly invoke that Rule in its order dismissing the action with prejudice. The plaintiff therefore concludes that the court's imposition of conditions upon its dismissal was improper.

■ The defendant responds with two arguments. First, it argues that the Rule 12(b)(6) motion it filed was implicitly treated by the district court as a motion for summary judgment, as provided in Rule 12(b).[2] That being so, the defendant argues that the terms of Rule 41(a)(1) became unavailable to the plaintiff, and the court's dismissal must implicitly have been under Rule 41(a)(2), which allows the court· to impose conditions upon the dismissal. We reject this argument, because we can find nothing in the record that supports the contention that the district court treated the Rule 12(b)(6) motion as a motion for summary judgment. The defendant clearly intended that the motion be one for dismissal under Rule 12(b)(6) rather than for summary judgment, because the motion stated that, "[l]imiting the grounds of this Motion to the facts alleged in the plaintiffs' Complaint, and taking every alleged fact therein as true for purposes of this Motion", the plaintiff was nonetheless not entitled to relief as a matter of law. The only affidavits submitted with the defendant's pretrial motions were attached to their motion for a change of venue. We therefore conclude that the district court did not treat the defendant's motion under Rule 12(b)(6) as a motion for summary judgment.

Second, the defendant argues that Rule 41(a)(1), despite its literal language, does not provide an absolutely unqualified right to dismiss. To support this argument, the defendant points to two principal cases. In *Armstrong v. Frostie Co.*, 453 F.2d 914,

916–17 (4th Cir.1971), the Court stated that the "[r]ule permitting voluntary dismissal of an action without prejudice at any time before service by adverse party of an answer or Motion for Summary Judgment is designed to permit a disengagement of the parties at the behest of the plaintiff *only in the early stages of a suit* before defendant has expended time and effort in the preparation of his case" (emphasis added). The defendant argues that under *Armstrong* it had expended too much time and effort for the plaintiff to avail itself of Rule 41(a)(1), because motions and memoranda raising the merits of the case had been filed, and counsel for the defendant had to travel from the continental United States to Puerto Rico for the hearings in connection with the preliminary injunction sought by the plaintiff.

The defendant's reliance on *Armstrong* is misplaced. *Armstrong* is weak authority for the proposition that a district court has general discretion to condition a plaintiff's voluntary dismissal under Rule 41(a)(1) when the merits of the action have been reached, because in *Armstrong* the defendant had filed both an answer and a motion for summary judgment in response to the original complaint, which cut.off the plaintiff's right to dismiss voluntarily under Rule 41(a)(1). The original complaint had been dismissed by the court with leave to amend. The plaintiff then filed an amended complaint, and, before the defendant could answer, gave notice of voluntary dismissal under Rule 41(a)(1). The district court vacated the notice of dismissal and entered an order dismissing the action with prejudice. The Fourth Circuit affirmed, stating that the defendant "satisfied both the letter and the spirit of the rule by filing an answer and a motion for summary judgment to [the plaintiff's] original complaint". *Id.* at 916. Commentators have interpreted *Armstrong* to stand only for the narrow

---

**2.** The last sentence of Rule 12(b) provides:
If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court,
the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

proposition that a plaintiff cannot supersede the cutting off of its right to give notice of voluntary dismissal by filing an amended complaint after an answer or motion for summary judgment has been filed by the defendant. 5 Moore's Federal Practice ¶ 41.02[3], at 41–32 (1984).

The defendants also point to *Harvey Aluminum, Inc. v. American Cyanamid,* 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953) (A. Hand, J.), to support the district court's dismissal with prejudice. In that case the plaintiffs sought and obtained an ex parte temporary restraining order pending a hearing on their motion for a preliminary injunction. After an evidentiary hearing of several days that generated a record of 420 pages, the district court dissolved the temporary restraining order, finding that the plaintiffs' chances of success on the merits were "remote, if not completely nil". *Id.* at 107. The plaintiffs filed a notice of voluntary dismissal and the defendants filed a motion to vacate the notice. The district court denied the motion to vacate, and the defendants appealed. The Second Circuit reversed, holding that "a literal application of Rule 41(a)1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissal after an advanced stage of a suit has been reached". *Id.* at 108.

*Harvey Aluminum* has not been well received. It has been virtually confined to its facts in the Second Circuit. *See Thorp v. Scarne,* 599 F.2d 1169, 1175–76 (2d Cir. 1979); *Littman v. Bache & Co.,* 252 F.2d 479, 481 (2d Cir.1958); *Sheldon v. Amperex Electronic Corp.,* 52 F.R.D. 1, 8–9

(E.D.N.Y.1971). We have been able to locate only one recent case in that circuit that found the rule of *Harvey Aluminum* to be applicable to the facts at hand. In *Grass v. Citibank, N.A.,* 90 F.R.D. 79 (S.D. N.Y.1981), the court vacated a notice of voluntary dismissal where, as in *Harvey Aluminum,* there had been a preliminary injunction hearing for several days that considered the merits of the plaintiffs' claims and generated a record of 112 pages of testimony. Many other cases in the Second Circuit have refused to invoke the rule of *Harvey Aluminum* on the facts of the case, including cases in which extensive pretrial proceedings had taken place.[3]

The Fifth and Seventh Circuits have declined to follow *Harvey Aluminum,* at least to the extent that it is interpreted to stand for the broad rule that the plaintiff's right voluntarily to dismiss under Rule 41(a)(1) terminates whenever the defendant has "joined issue" and the merits of the case have been presented to the court in some form. *See Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142–43 (7th Cir. 1978); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914, 916–17 (5th Cir.), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975). Moreover, later cases in these circuits have applied Rule 41(a)(1) literally, either without mentioning *Harvey Aluminum* at all, or simply noting that the case has been repudiated. *See Winterland Concessions Co. v. Smith,* 706 F.2d 793, 795–96 (7th Cir.1983); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir.1977); *Williams v. Ezell,* 531 F.2d 1261, 1263 (5th Cir.1976).[4] The Sixth Circuit has concluded

3. *See Thorp v. Scarne,* 599 F.2d 1169 (2d Cir. 1979); *Sheldon v. Amperex Electronic Corp.,* 52 F.R.D. 1 (E.D.N.Y.), *aff'd,* 449 F.2d 146 (2d Cir. 1971) (per curiam) (voluntary dismissal allowed despite 16 months of extensive pretrial discovery); *Gianis & Co. v. Ostrau,* 43 F.R.D. 405, 406 (S.D.N.Y.1967); *United States v. Greater Blouse, Skirt & Neckware Contractors Ass'n,* 35 F.R.D. 130, 131 (S.D.N.Y.1964) (dismissal after two years of private settlement negotiations among the parties).

4. *See also American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963):

Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court clos-

that, even if *Harvey Aluminum* is still good law in its own circuit,

> the far more persuasive argument ... is that Rule 41(a)(1) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i).

*D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir.1975).[5]

■■■ We follow the clear weight of authority evidenced by these cases and hold "that at least in cases falling short of the extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur". *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir.1979). We need not decide whether

that Rule is to be applied literally in all cases, no matter how far advanced, because the facts of this case clearly fall short of *Harvey Aluminum*. Here there was no hearing held for the issuance of the temporary restraining order, which was issued ex parte initially and which was extended on a number of occasions by consent of the parties. There have been no interrogatories and only one deposition. We therefore conclude that the plaintiff had the right voluntarily to dismiss the case at any time before an answer or a motion for summary judgment was served. The plaintiff properly invoked that right, and the district court had no power to condition its dismissal.[6]

### III.

The judgment of the district court dismissing the case with prejudice is VACATED and the case is REMANDED with instructions to dismiss the case without prejudice.

---

ing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

**5.** In rejecting the argument that the right of voluntary dismissal under Rule 41(a)(1) should be limited to situations in which the proceedings have not advanced too far, the Court reasoned:

> Courts and commentators alike have apprehended that the purpose of [Rule 41(a)(1)] is to limit the right of dismissal to an early stage of the proceedings. [citations omitted] The drafters of Rule 41(a)(1)(i), however, did not attempt to effectuate their purpose by phrasing the rule in vague terms or, as in Rule 41(a)(1)(ii) and 41(a)(2), by calling for judicial involvement or the exercise of judicial discretion. Undoubtedly conscious of the incalculable paths which litigation may follow, the drafters employed precise language to define an "early stage" of a proceeding.

511 F.2d at 296–97. The Court also noted that "[a]lthough Rule 41 has been amended three times since 1948, it has not been broadened to include other motions or pleadings which would bar a dismissal by notice". *Id.* at 296.

The Ninth Circuit has ruled, without mentioning *Harvey Aluminum*, that "[a] voluntary dismissal by a plaintiff under Rule 41(a)(1) Fed.R. Civ.P., automatically terminates the action upon the filing of the dismissal with the clerk. No order of court is required." *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir.1970). In that case

the district court had announced orally, after a hearing of August 5, 1968, on the defendants' motion to dismiss, how it proposed to dispose of the case. On August 9, 1968, the plaintiffs filed a notice of dismissal without prejudice. On November 18, 1968, the district court entered its findings and conclusions of law, and entered an order dismissing the case effective nunc pro tunc as of August 5, 1968, the date that the court had announced its intentions with respect to the pending motion to dismiss. The Ninth Circuit ruled that, because judgment in the case was not entered until November 18, and because as of August 9, when the plaintiffs filed notice to dismiss, no answer or motion for summary judgment had been filed and the plaintiffs were therefore entitled to dismiss under Rule 41(a)(1), the court's attempt to make the dismissal effective nunc pro tunc as of August 5 was a nullity.

**6.** The defendant also argues that dismissal with prejudice was proper in this case because the case is moot in view of LCME's rescission of its withdrawal of accreditation. Because of our holding that the plaintiff properly dismissed its case under Rule 41(a)(1)(i) and the district court was without power to condition that dismissal, we need not decide whether the case is moot. The resolution of the question of mootness must await a decision on the merits, should the plaintiff elect to file another action arising from the transactions that were the subject of this suit.