**MANZE, Jane Johnston and Manze, Charles, h/w, Appellants in No. 86–1341,**

v.

**STATE FARM INSURANCE COMPANY.**

**Appeal of MANZE, Jane Johnston and Manze, Charles, h/w, in No. 86–1342.**

**Nos. 86–1341, 86–1342.**

United States Court of Appeals, Third Circuit.

Argued Jan. 22, 1987.

Decided May 4, 1987.

Ronald A. Blumfield (argued), Ronald A. Blumfield, P.C., Philadelphia, Pa., for appellants.

Cecelia F. Wambold (argued), Duane, Morris & Heckscher, Philadelphia, Pa., for appellee.

Before SEITZ, BECKER, and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

These consolidated matters come before us on appeal from an order of the district court dismissing the plaintiff's bad faith claim against the defendant insurer with prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and appointing a neutral arbitrator to hear the plaintiff's claim for uninsured motorist benefits.

The appeal at No. 86–1342 raises an issue of first impression in our circuit regarding practice and procedure under Rule 41. We hold that the plaintiffs timely notice of *voluntary* dismissal of her bad faith claim pursuant to Rule 41(a)(1)(i) precluded the district court from subsequently dismissing the action *with prejudice* in accordance with Rule 41(a)(2).

At appeal No. 86–1341, we find that the district court's order appointing a neutral arbitrator is final and appealable pursuant to 28 U.S.C. § 1291. We hold, as well, that State Farm timely filed its petition to remove Manze's action from state to federal court and that the amount in controversy here satisfies the jurisdictional requirement of 28 U.S.C. § 1332(a). We conclude, finally, that the district court did not abuse its discretion in appointing a neutral arbitrator.

We will reverse the judgment of the district court on appeal at No. 86–1342, and will vacate the court's assessment of $750 in costs against the plaintiff. We also will deny the appellee's motion to quash the appeal at No. 86–1341 and will affirm the district court's order appointing the neutral arbitrator.

### I.

The plaintiff, Jane Johnston Manze ("Manze"), claimed uninsured motorist benefits under her insurance policy with the defendant, State Farm Insurance Company ("State Farm"), for averred personal injuries arising out of an automobile accident. After the parties failed to settle the claim, Manze filed a petition in state court to compel arbitration and to appoint an arbitrator. The court subsequently dismissed Manze's petition as moot. Yet, when State Farm allegedly refused to proceed to arbitration, Manze sued State Farm in a Pennsylvania court asserting the defendant's bad faith. State Farm removed the matter to federal court, then moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The defendant also requested costs, fees, and punitive damages on account of the plaintiffs "frivolous" complaint.

At a status conference with the court on April 8, 1986, the district court instructed the plaintiff to respond to the defendant's motion to dismiss, to submit an affidavit concerning selection of a neutral arbitrator, and to produce medical evidence of a causal connection between the accident and Manze's injuries by April 11, 1986. The court also counseled the plaintiff:

> If upon reflection you would like to withdraw this action and have the matter resolved in state court by picking an arbitrator and arbitrating the matter, as you should have done, then do that....

On April 10, 1986, the plaintiff filed a praecipe of dismissal to dismiss without prejudice the bad faith claim pursuant to Fed.R.Civ.P. 41(a)(1). The plaintiff then filed with the state court a petition to appoint a neutral arbitrator.[1] On April 21, 1986, the district court entered an order staying discovery against the defendant pending decision on its Rule 12(b)(6) mo-

---

1. The petition was listed under the same number and court term as the original petition to compel arbitration and to appoint an arbitrator.

tion. On April 23, 1986, the defendant petitioned to remove the plaintiffs petition to appoint a neutral arbitrator to federal court. The district court held a hearing two days later addressing both the plaintiff's voluntary dismissal of the bad faith claim and the petition to appoint a neutral arbitrator.

At that hearing, the district court orally dismissed the plaintiff's bad faith claim, remanded the pending removal petition of State Farm, and dismissed the plaintiff's personal injury claim for a tumor on her hand for lack of medical evidence causally relating the tumor to the underlying automobile accident. The plaintiff's counsel thereupon argued that the plaintiff previously had voluntarily dismissed her bad faith claim pursuant to Rule 41(a)(1). At the court's suggestion, Manze filed a joint motion for reconsideration of the April 25, 1986 oral order and for remand to the state court.

On May 9, 1986, the district court issued an order vacating the April 25 bench order, requiring the parties to file briefs concerning the efficacy of the plaintiff's voluntary dismissal, and directing the plaintiff to respond to the defendant's motion to dismiss.

The district court held a hearing on these matters on May 21, 1986, which occasioned a final order on June 3, 1986. In that order the district court dismissed the plaintiff's bad faith claim with prejudice pursuant to Fed.R.Civ.P. 41(a)(2), assessed $750 in costs against the plaintiff, and appointed a neutral arbitrator to hear the uninsured motorist benefits claim. This appeal followed.

## II.

The plaintiff presents us with two issues on appeal. Manze insists that the district court's purported dismissal with prejudice of the bad faith claim was a nullity, since the Rule 41(a)(1) voluntary dismissal notice terminated that action. Manze also contends that the defendant improperly removed from state court the petition to appoint a neutral arbitrator and that the federal district court, therefore, lacked juris-

diction to select the arbitrator. In addition, we must determine whether to grant a motion by State Farm to quash Manze's appeal from the order appointing a neutral arbitrator on the ground that the order is interlocutory and unappealable.[2] We exercise plenary review with respect to these questions of law. *See Universal Minerals v. C.A. Hughes & Co.*, 669 F.2d 98, 103 (3d Cir.1981).

## III.

We address first the plaintiff's argument that the district court erred in holding that the defendant's motion to dismiss the plaintiff's bad faith claim precluded her subsequent attempt to dismiss the action voluntarily pursuant to Rule 41(a)(1). Because the district court dismissed Manze's complaint with prejudice, we possess jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 (1982). *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976).

## A.

Fed.R.Civ.P. 41(a)(1) provides in relevant part that

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an *answer* or of a *motion for summary judgment,* whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the adverse party of an *answer* or of a *motion for summary judgment,* whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

**2.** State Farm's motion to quash was referred to the present panel of this court by a motions panel. *Manze v. State Farm Insurance Co.*, No. 86–1342, order (3d Cir. July 7, 1986).

(Emphasis added.) Rule 41(a)(1) allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention. *See Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education,* 760 F.2d 14, 16 (1st Cir.1985). This rule affixes a bright-line test to limit the right of dismissal to the early stages of litigation. *See D.C. Electronics, Inc. v. Nartron Corp.,* 511 F.2d 294, 296–97 (6th Cir.1975); *Universidad Central Del Caribe, Inc.,* 760 F.2d at 19 n. 5. In the words of the Court of Appeals for the Seventh Circuit,

> Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not.

*Winterland Concessions Co. v. Smith,* 706 F.2d 793, 795 (7th Cir.1983).

### B.

Here, the district court dismissed the plaintiff's bad faith claim with prejudice pursuant to Fed.R.Civ.P. 41(a)(2),[3] even though the defendant concededly had neither answered Manze's complaint nor moved for summary judgment, but had filed only a motion to dismiss prior to Manze's notice of voluntary dismissal. In so doing, the district court relied expressly upon *Tele-Views News Co. v. S.R.B. TV Publishing Co.,* 28 F.R.D. 303, 306–08 (E.D.Pa.1961).

In *Tele-Views News Co.,* the district court vacated an order which directed the clerk of court to mark the plaintiff's suit dismissed without prejudice, by virtue of the plaintiff's Rule 41(a)(1) motion. The district court held, following reargument, that the defendant's Rule 12(b)(6) motion precluded the plaintiff's subsequent motion for voluntary dismissal:

We think that a motion to dismiss for failure to state a claim upon which relief can be granted should be regarded as the equivalent of a motion for summary judgment for the purposes of applying Rule 41(a). While it is true that a motion to dismiss for failure to state a claim attacks the sufficiency of the complaint and looks toward a dismissal of the complaint as distinguished from a judgment for the defendant, if the motion has merit it often does result not only in a dismissal of the complaint, but in a complete dismissal of the action, thus precluding plaintiff from suing again on the same set of facts. [Footnote omitted.] This is true whether or not the motion to dismiss is accompanied by extraneous matter and treated as a motion for summary judgment, or whether it is treated as a genuine motion to dismiss. [Footnote omitted.] A defendant's motion for summary judgment need not be accompanied by affidavits, and whether it is so accompanied or not, it tests the sufficiency in law of the facts alleged in the complaint.

Of course, both the motion for summary judgment and the motion to dismiss for failure to state a claim involve considerable preparation by counsel and study by the Court. We see no logical reason for differentiating a motion for summary judgment, a motion to dismiss for failure to state a claim accompanied by extraneous matter, and a motion to dismiss for failure to state a claim not accompanied by extraneous matter—at least for the purposes of Rule 41(a).

*Id.* at 307–08.

### C.

■ Despite the theoretical appeal of *Tele-Views News Co.,* however, this argument offends Rule 41(a)(1). It is instructive to note that the Advisory Committee

---

**3.** Rule 41(a)(2) provides:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

on Civil Rules has amended Rule 41 four times since its effective date. *See* Fed.R. Civ.P. 41 advisory committee's notes. Significantly, the 1946 amendment was passed and became effective on the same dates (Dec. 27, 1946 and Mar. 19, 1948, respectively) as the provision in Rule 12(b) that a motion to dismiss may sometimes be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b) & advisory committee's 1946 note; 9 C. Wright & A. Miller, Federal Practice and Procedure § 2363, at 156 n. 30 (1971). Yet the committee specifically excluded motions to dismiss from that and subsequent amendments to Rule 41.

Moreover, several other courts of appeals have strictly interpreted Rule 41(a)(1). *See, e.g., Merit Insurance Co. v. Leatherby Insurance Co.*, 581 F.2d 137, 143 & n. 6 (7th Cir.1978); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977). These opinions make clear that only an answer or a summary judgment motion can extinguish a plaintiff's right to dismiss the complaint without prejudice.

In light of the plain language of Rule 41(a)(1), State Farm cannot complain that the plaintiff exercised her prerogative under the rule when State Farm could have prevented voluntary dismissal simply by answering the complaint. *See also Thorp v. Scarne*, 599 F.2d 1169, 1173 (2d Cir. 1979);[4] *Leroux v. Lomas & Nettleton Co.*, 626 F.Supp. 962, 967 (D.Mass.1986) (holding, *inter alia*, that a motion to dismiss cannot stave off a plaintiff's motion pursuant to Rule 41(a)(1)); *United States v. United States Trust Co.*, 106 F.R.D. 474, 477 & n. 3 (D.Mass.1985) (noting that a Rule 12(b)(6) motion does not terminate the plaintiff's right to dismissal by notice).

Concededly, a Rule 12(b)(6) motion may be treated as one for summary judgment for Rule 41(a)(1)(i) purposes. *See, e.g., Exxon Corp. v. Maryland Casualty Co.*,

599 F.2d 659, 661 (5th Cir.1979); *Bangor Baptist Church v. Maine, Dep't of Educ. and Cultural Services*, 92 F.R.D. 123, 124 (D.Me.1981). Here, however, State Farm did not intend a Rule 56 motion by its motion to dismiss, nor did the district court treat it as such.

On the one hand, the defendant clearly had in mind to dismiss Manze's complaint for failure to state a claim upon which relief could be granted. State Farm averred:

> There is *no cause of action* in Pennsylvania for alleged bad faith conduct and punitive damages arising out of a contract dispute between a carrier and its insured.

(Emphasis added.) *Cf. Universidad Central Del Caribe, Inc.*, 760 F.2d at 17 (concluding that the district court did not treat the defendant's Rule 12(b)(6) motion as one for summary judgment where the motion was directed exclusively to and assumed as true the facts alleged in the complaint); *Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794, 797–98 (5th Cir.1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972) (finding that the defendant's motion to dismiss, unaccompanied by matters outside the pleadings, could not serve as a Rule 56 motion to preclude the plaintiff's notice of voluntary dismissal).

On the other hand, the district court did not afford the parties reasonable opportunity to present material pertinent to a motion for summary judgment. *See* Fed.R. Civ.P. 12(b)(6). The court's final order, moreover, plainly dismissed Manze's bad faith action "for failure to state a claim." In sum, State Farm's motion was insufficient to bar Manze's voluntary dismissal of her bad faith claim pursuant to Rule 41(a)(1).

---

**4.** The court of appeals in *Thorp* severely limited its prior holding in *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), that a literal application of Rule 41(a)(1) was unjustified where the plaintiffs had obtained an *ex parte* temporary restraining order, where both sides had endured a lengthy eviden-

tiary hearing, and where the district court had found the plaintiffs' chances of success on the merits extremely remote. Assuming that *Harvey Aluminum* retains any vitality in the Second Circuit, its reasoning could not be persuasive here since the district court proceedings had not advanced so far as to bring this case within the ambit of *Harvey Aluminum*.

### D.

We conclude, therefore, that those portions of the district court's June 3, 1986 order dismissing the plaintiff's bad faith action with prejudice and assessing $750 in fees against the plaintiff must be reversed.

### IV.

Manze next contends that her state court petition to appoint a neutral arbitrator was not removable due to both the lack of a $10,000 amount in controversy and untimeliness, and that the district court, accordingly, lacked jurisdiction to select the arbitrator. State Farm moved to quash this appeal on the ground that the district court's order appointing a neutral arbitrator, from which Manze appealed, is interlocutory and unappealable. The plaintiff, however, has not challenged the appointment of the arbitrator *per se* but has moved solely to remand the petition to state court.[5] We, therefore, view Manze's appeal to contest the district court's refusal to remand this suit, and we understand State Farm's motion to challenge the finality of the district court's action for purposes of appeal.

### A.

■ Initially, we find that the district court's order appointing a neutral arbitrator is final and appealable pursuant to 28 U.S.C. § 1291. State Farm argues that Manze's appeal from the order appointing a neutral arbitrator is jurisdictionally defective because the order is interlocutory. We hold, however, that the order appointing a neutral arbitrator is final and appealable pursuant to 28 U.S.C. § 1291.

In the federal courts—and particularly in this circuit—an order compelling arbitration is appealable pursuant to 28 U.S.C. § 1291 where it represents the "full relief" sought. *Gavlik Construction Co. v. H.F.*

*Campbell Co.,* 526 F.2d 777, 782 (3d Cir. 1975). The same rule applies with respect to an order appointing a neutral arbitrator here, since in both cases the order "will not *in normal course of procedure* be followed by another judicial order which will *be required* to carry the arbitration award into effect...." *Rogers v. Schering Corp.,* 262 F.2d 180, 182 (3d Cir.), *cert. denied sub nom. Hexagon Laboratories, Inc. v. Rogers,* 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959) (emphasis added). *See Gavlik Construction Co.,* 526 F.2d at 782–83 & n. 11. Indeed, Manze and State Farm agreed in the insurance contract that a majority decision by the arbitration panel "will be binding."

We, therefore, conclude that the district court's order appointing a neutral arbitrator is final and appealable under 28 U.S.C. § 1291.

### B.

We now turn to the merits of Manze's appeal from the order appointing a neutral arbitrator. Manze insists that her petition to appoint a neutral arbitrator was not removable pursuant to 28 U.S.C. § 1441. That statute provides in relevant part:

> (a) ... any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Accordingly, Manze argues that the district court lacked original jurisdiction due to the absence of a matter in controversy sufficient to satisfy 28 U.S.C. § 1332(a). In addition, Manze contends that State Farm failed to file its petition for removal within thirty days after receiving Manze's initial pleading, as required by 28 U.S.C.

---

5. During the hearing on May 21, 1986, the following exchange occurred between the court and counsel for the plaintiff.

   THE COURT: ... My question was can you consent [to my appointment of a neutral arbitrator]? Do I understand your answer to be no?

   MR. SIEGEL: My answer is I would consent if Your Honor deems that the removal was proper. Otherwise, I would have to object.
   THE COURT: I rule that the removal was proper.
   MR. SIEGEL: Then I have no objection....

§ 1446(b).[6] We will address these points in turn.

### 1.

■ First, since State Farm alleged jurisdiction for removal under 28 U.S.C. § 1332, we inquire whether that section's criteria exist here. Section 1332 states in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332(a).

Manze apparently concedes that her citizenship is diverse from that of State Farm.[7] The plaintiff contests solely whether or not an amount in controversy in excess of $10,000 exists for purposes of diversity jurisdiction. She argues that since the petition to appoint a neutral arbitrator did not involve an amount in controversy, the defendant's removal of the petition from state to federal court violated the terms of § 1441. We disagree both with Manze's factual assumption and with her conclusion.

Manze never claimed less that $10,000 in her underlying suit for uninsured motorist benefits. To the contrary, the policy states a $15,000 limit for such claims. Thus, it appears that arbitration might result in an award exceeding the jurisdictional amount. The opinion of the Court of Appeals for the Second Circuit in *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511 (2d Cir. 1957), is instructive.

There, the plaintiff commenced a state court proceeding to compel arbitration according to the terms of a collective bargaining agreement. The defendant removed the matter to federal court. When the district court denied the plaintiff's subsequent motions to remand and to compel arbitration, the plaintiff appealed. The court of appeals addressed, *inter alia,* the propriety of the order denying the motion to remand and determined:

> In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award.

*Id.* at 514. The court of appeals thereupon held that the district court had correctly denied the motion to remand, since the underlying cause of action seemed to involve more than the requisite jurisdictional amount.

We follow *Davenport* and conclude that a sufficient amount in controversy exists here to satisfy the requirements for diversity jurisdiction. *See also* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 200–01 & n. 49 (1985) (discussing removal jurisdiction generally and noting that actions to compel arbitration or to confirm or to vacate an arbitration award fall within the terms of 28 U.S.C. § 1441).

---

**6.** 28 U.S.C. § 1446(b) states:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**7.** The plaintiff's pleadings repeatedly averred that State Farm is a Pennsylvania corporation, while State Farm insisted that it was incorporated in Illinois with its principal place of business in Bloomington, Illinois.

No specific finding by the district court regarding State Farm's citizenship appears in the appendix provided to us. The district court, however, ruled in the course of the May 21, 1986 hearing that "the removal was proper." The tacit factual finding therein as to the parties' diversity of citizenship is not (in terms of our standard of review) "clearly erroneous."

### 2.

Finally, we turn to Manze's argument that, since State Farm allegedly filed its removal petition beyond the thirty day limit prescribed in 28 U.S.C. § 1446(b), the district court erred in refusing to remand Manze's petition to appoint a neutral arbitrator to state court. We initially review the facts.

On June 26, 1985, Manze filed her petition to compel arbitration and to appoint an arbitrator in state court, naming as respondents State Farm and the primary carrier, Liberty Mutual Insurance Company. Neither respondent attempted to remove that action. Manze and State Farm settled on a neutral arbitrator and, thereby, partially mooted Manze's petition to compel arbitration. On August 15, 1985, the Court of Common Pleas ordered that "petitioner's petition to compel arbitration is dismissed as moot as to State Farm[.]"

However, the parties failed to arbitrate their dispute. Manze then filed an action in state court alleging bad faith on the part of State Farm. The defendant removed that action to federal court. As we have noted, the district judge counseled the plaintiff's lawyer at a status conference on April 8, 1986 that he might "withdraw this action and have the matter resolved in state court by picking an arbitrator and arbitrating the matter...." Manze filed a praecipe of dismissal two days later and the petition to appoint a neutral arbitrator on April 16, 1986. State Farm removed the petition to federal court on April 24, 1986.

Manze contends that her "initial pleading" in this case was the petition to compel arbitration and to appoint an arbitrator which she filed on June 26, 1985. Thus, State Farm allegedly failed to file its removal petition "within thirty days after the receipt ... of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis added). We disagree, however, in light of the peculiar facts of this case.

Manze's argument, as State Farm notes, assumes that the petition to compel arbitration and to appoint an arbitrator somehow "remained viable throughout these proceedings." Manze, though, filed a *new* action on April 16, 1986. Even though the petition to appoint a neutral arbitrator was listed under the same number and court term as the original petition to compel arbitration and to appoint an arbitrator, we emphasize that the Court of Common Pleas dismissed the first petition as to State Farm. The petition to appoint a neutral arbitrator accordingly restarted the running of the thirty day period in § 1446(b). State Farm, therefore, timely filed its removal petition. *Cf.* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3732, at 524 & nn. 29–31 (1985) (noting the untimeliness generally of petitions to remove motions to vacate or to confirm arbitration awards, since such motions represent part of the *same* arbitration proceeding).

Finally, Manze does not challenge the appointment of the arbitrator *per se.* Our independent review of the record reveals nothing to indicate that the district court abused its discretion in appointing Steven R. Waxman, Esq. as the neutral arbitrator over the claim for uninsured motorist benefits. We will accordingly affirm the order appointing the neutral arbitrator.

### V.

We conclude at No. 86–1342 that the plaintiff effectively dismissed her bad faith claim voluntarily pursuant to Fed.R.Civ.P. 41(a)(1)(i). We will, accordingly, remand the matter for the entry of an order dismissing the plaintiff's bad faith claim without prejudice, and will vacate the district court's assessment of $750 in costs against the plaintiff. With respect to No. 86–1341, we find that the district court's order appointing a neutral arbitrator is appealable. We further hold that the plaintiff's petition was removable since the district court possessed original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332, and that the defendant timely filed its removal petition. The district court, moreover, did not abuse its discretion in appointing Steven R. Waxman, Esq. as the neutral arbitrator over Manze's claim for

uninsured motorist benefits. The district court's order will, therefore, be affirmed.