66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Juan Ramon MATTA-BALLESTEROS, Plaintiff, Appellant,
v.
UNITED STATES of America, et al., Defendants, Appellees.
 No. 94-2276.
 United States Court of Appeals, First Circuit.
 Sept. 26, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 D.Puerto Rico
 VACATED AND REMANDED.
 Juan Ramon Matta-Ballesteros on brief pro se.
 Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del Rio, Assistant United States Attorney, on brief for appellees.
 Before TORRUELLA, Chief Judge, and SELYA and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Juan Ramon Matta Ballesteros ("Matta"), appeals pro se from the district court's dismissal of his action "with prejudice" following his Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i). We vacate the district court's judgment dismissing the case with prejudice and remand with instructions to dismiss the case without prejudice.
 
 I. Timeliness of Appeal
 
 2
 Defendants-appellees, the United States of America, et al., argue that Matta's appeal is untimely and should be dismissed for lack of jurisdiction. We disagree. In a civil case such as this in which the United States or an officer or agency thereof is a party, a notice of appeal must be filed within sixty days after entry of the judgment appealed from. See Fed. R.App. P. 4(a)(1). A timely motion pursuant to Fed.R.Civ.P. 59(e) tolls the running of the appeal period. See Fed. R.App. P. 4(a)(4). "The timeliness of a Rule 59(e) motion is determined by the date of service, not the date of filing." Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223 n. 3 (1st Cir.1994).
 
 
 3
 The district court judgment dismissing Matta's case with prejudice was entered on September 8, 1994. Matta served his motion to reconsider by mail on September 13, 1994. See Fed.R.Civ.P. 5(b) (service by mail is complete upon mailing). Therefore, service of the motion occurred within 10 days of the entry of the district court's judgment and the motion was timely. See Fed.R.Civ.P. 59(e). Given the timely filing of Matta's motion to reconsider, the sixty-day appeal period began to run on November 21, 1994, the date on which the district court's denial of the motion was entered. Matta filed his notice of appeal on December 5, 1994, and it is therefore timely with respect to both the dismissal of his case and the denial of his motion to reconsider. Accordingly, this court has jurisdiction to consider Matta's appeal.
 
 II. Dismissal with Prejudice
 
 4
 Matta argues that the district court violated the clear meaning of Fed.R.Civ.P. 41(a)(1)(i) in dismissing his complaint "with prejudice" instead of without prejudice. Rule 41(a)(1)(i) provides, in relevant part, as follows:
 
 
 5
 an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment,.... Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice,....
 
 
 6
 (emphasis added).
 
 
 7
 Matta filed a Notice of Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i) on August 30, 1994. At that time, defendants had filed a motion to dismiss (on August 4, 1994). Defendants had not filed, however, either an answer to the complaint or a motion for summary judgment. Therefore, "the plaintiff had the right voluntarily to dismiss the case at any time before an answer or a motion for summary judgment was served. The plaintiff properly invoked that right, and the district court had no power to condition its dismissal." Universidad Central del Caribe, Inc. v. Liaison Comm. on Medical Educ., 760 F.2d 14, 19 (1st Cir.1985). See also Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065-67 (3d Cir.1987) (reversing dismissal of claim with prejudice where defendant had filed a motion to dismiss prior to plaintiff's notice of voluntary dismissal, but had neither answered the complaint nor moved for summary judgment).
 
 
 8
 The judgment of the district court dismissing the case with prejudice is vacated and the case is remanded with instructions to dismiss the case without prejudice. Costs to appellant.