16-1616
Baiul v. NBC Sports

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                        *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OKSANA BAIUL, OKSANA LTD.,
                        *Plaintiffs-Appellants*,

                    v.                                    16-1616-cv

NBC SPORTS, a division of NBCUniversal Media
LLC, a Delaware limited liability company,
                        *Defendant-Appellee*,

BARRY MENDELSON, an individual, DOES 1-10, ON ICE
INC., a California corporation,
                        *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*        The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFFS-APPELLANTS:     RAYMOND J. MARKOVICH, West Hollywood, California.

FOR DEFENDANT-APPELLEE:     ANDREW D. JACOBS (Chelley E. Talbert, *on the brief*), NBCUniversal Media, LLC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiffs-appellants Oksana Baiul and her company, Oksana, Ltd. (collectively, "Baiul"), appeal decisions and orders of the district court entered April 19, 2016, and May 19, 2016.  Baiul appeals the April 19, 2016 opinion and order denying her motion to voluntarily dismiss her action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and granting the motion of defendant-appellee NBC Sports, a division of NBCUniversal Media, LLC ("NBC"), for judgment on the pleadings, dismissing the action with prejudice pursuant to Federal Rule of Civil Procedure 12(c), and for sanctions pursuant to 28 U.S.C. § 1927.  Baiul also appeals the May 19, 2016 decision and order setting sanctions in the amount of $50,000.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Baiul is a former competitive figure skater who won a world championship in 1993 and an Olympic gold medal in 1994.  On December 22, 2013, Baiul filed this suit in New York State Supreme Court, New York County, for alleged

- 2 -

breach of a contract entered into in 1995. After the case was removed to the district court, and after more than two years of litigation, including discovery, the district court granted NBC's motion for judgment on the pleadings dismissing the action with prejudice and for sanctions against Baiul's counsel, Raymond J. Markovich. Baiul timely appealed.

This appeal presents four issues: (1) whether the Copyright Act preempts Baiul's claims such that dismissal was proper; (2) whether the district court erred in denying Baiul's attempts to dismiss her case without prejudice; (3) whether the district court abused its discretion in denying leave to amend her fourth amended complaint; and (4) whether the district court abused its discretion in imposing sanctions on Markovich. Each issue will be discussed in turn.

I.      **Motion for Judgment on the Pleadings**

We review *de novo* the grant of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 2015 (2016). The district court granted NBC's February 26, 2016 motion for judgment on the pleadings and dismissed the action with prejudice, finding, *inter alia*, that Baiul's claims are preempted by the Copyright Act. We agree.

The Copyright Act preempts a state law claim when

> (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106.

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).  A state law claim regarding a work of the type protected by the Copyright Act may proceed only if the claim contains "extra elements that make it qualitatively different from a copyright infringement claim." *Id.*

We conclude that the Copyright Act preempts the claims asserted by Baiul in her fourth amended complaint: claims under New York law for unjust enrichment, conversion, and accounting.  Here, the work forming the basis of Baiul's claims -- a video of *Nutcracker On Ice* -- fits within the Copyright Act's category of "motion pictures and other audiovisual works," 17 U.S.C. § 102(a)(6), even if it contains material, such as Baiul's performance, that may not be copyrightable.  *See Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997) ("Once a performance is reduced to tangible form, there is no distinction between the performance and the recording of the performance for the purposes of preemption . . . ." (alteration omitted) (quoting *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 675 (7th Cir. 1986))).

Further, the state law claims seek to vindicate rights that are already protected by the Copyright Act.  *See Briarpatch*, 373 F.3d at 306-07 (citing 1 Melville B.

- 4 -

Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1][g] (2003) for the proposition that "a state law cause of action for unjust enrichment . . . should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter"); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 230-31 (S.D.N.Y. 2010) (finding conversion claim preempted by the Copyright Act); *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999) (finding accounting claim preempted because "[i]t [was] only through th[e] basic [copyright] claim . . . that anyone profiting must account to plaintiff").  Accordingly, Baiul's state law claims -- the only claims asserted in the fourth amended complaint -- are preempted by the Copyright Act and, therefore, the district court properly dismissed the action.

## II.    Motions to Voluntarily Dismiss

On December 28, 2015 and April 19, 2016, the district court denied Baiul's attempts to voluntarily dismiss her case without prejudice.

### A.    Rule 41(a)(1)

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  We review *de novo* the denial of a motion to dismiss pursuant to Rule 41(a)(1)(A)(i). *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

- 5 -

Baiul lost her right to unilaterally dismiss the action without a court order on October 16, 2014, when NBC filed an answer. Baiul argues that her right to dismiss the action without a court order was revived when NBC removed the case on December 21, 2015, and when she amended her complaint. We disagree. First, Baiul's attempted notice of voluntary dismissal was administratively rejected as defective by the Clerk of Court. Second, the removal of the action did not create a new lawsuit or new cause of action. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005) ("When a matter is removed to federal court, it is not traditionally viewed as recommenced, nor as a new cause of action."). Third, no new right of dismissal is created by the filing of an amended complaint, even one with substantially new allegations. *See Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 (1st Cir. 1985) ("[A] plaintiff cannot supersede the cutting off of its right to give notice of voluntary dismissal by filing an amended complaint after an answer . . . has been filed by the defendant." (citing *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir. 1971))).

Baiul's reliance on *Sheldon v. Amperex Electronic Corp*, 449 F.2d 146 (2d Cir. 1971) (per curiam), is misplaced. In that case, we held that a defendant's "severance" from a multi-defendant suit created a separate action that the plaintiff was permitted to voluntarily dismiss under Rule 41(a)(1). *Id.* at 147. The defendants in *Amperex*, however, had attempted to avail themselves of an answer that was filed by a co-

defendant prior to severance. Here, NBC *itself* had already filed an answer and was not relying on an answer filed by another party that had been dismissed from the action.

Accordingly, the district court did not err in denying Baiul's motion to voluntarily dismiss the action pursuant to Rule 41(a)(1).

B. **Rule 41(a)(2)**

Federal Rule of Civil Procedure 41(a)(2) provides that, absent agreement between the parties, "an action may be dismissed at the plaintiff's request only by court order." *See Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). We review orders denying voluntary dismissal pursuant to Rule 41(a)(2) for abuse of discretion. *Id.*

In determining whether to grant a motion to dismiss pursuant to Rule 41(a)(2), a court considers (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). In addition, dismissal without prejudice is improper "if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan*, 634 F.3d at 230 (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).

The district court did not abuse its discretion in denying Baiul's motion to voluntarily dismiss by court order. The motion came two years after the action was

filed, and, after Baiul had amended the complaint multiple times. Baiul maintained a breach of written contract claim for over a year after she conceded in a parallel action in California that there was no written agreement. Baiul declined to dismiss her action voluntarily with prejudice after the district court indicated it was inclined to impose sanctions, even though NBC offered to stipulate, in writing, that it would not move to dismiss the California action on *res judicata* grounds in return. Further, NBC would suffer plain legal prejudice if Baiul were allowed to voluntarily dismiss the action without prejudice. Baiul is pursuing an action in California based on what her counsel admits are "the same set of operative facts" as those here. Granting the motion would give Baiul the opportunity to bring the claims again in New York and would multiply the already duplicative expenses incurred by NBC.

Accordingly, the district court did not abuse its discretion in denying Baiul's motion to voluntarily dismiss her action by a court order pursuant to Rule 41(a)(2).

## III.    Denial of Leave to Amend

We review the denial of leave to amend for abuse of discretion. *See In re Am. Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994). Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and in the absence of "dilatory motive," "bad faith," or "undue prejudice" to the opposing party, *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014).

As an initial matter, Baiul did not request leave to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is freely granted, no court can be said to have erred in failing to grant a request that was not made. As a result, the contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous." (internal quotation marks and citations omitted)). And, in any event, the district court did not abuse its discretion in denying leave to amend. As the district court found, Baiul faced "numerous insurmountable barriers" in stating a cognizable cause of action, and Baiul had a history of vexatious litigation. App'x 658; *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) ("[M]otions to amend should generally be denied in instances of . . . bad faith or dilatory motive.").

## IV. Imposition of Sanctions

Under 28 U.S.C. § 1927, a district court may impose sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." "We have held that an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (quoting *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)). Sanctions may be imposed only "when there is a finding of conduct constituting or akin to bad faith." *Id.* (quoting *Sakon v. Andreo*, 119 F.3d 109, 114

(2d Cir. 1997)). We review a district court's decision to impose sanctions for abuse of discretion. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage,* 564 F.3d 110, 113 (2d Cir. 2009).

The district court did not abuse its discretion in sanctioning Markovich and requiring him to pay NBC's costs and reasonable attorneys' fees. The court remarked, "If ever this Court has witnessed attorney conduct more vexatious and harassing or deserving of § 1927 sanctions, the Court has difficulty in recalling that occasion." App'x 660. The court determined that Markovich was aware of the meritless nature of the claims, yet continued to pursue litigation in New York anyway. Moreover, Markovich advanced claims based on a written agreement for over a year after learning that no written agreement existed.

Markovich argues that sanctions should not be imposed because he tried repeatedly to dismiss the case without prejudice. Markovich's attempts to dismiss the action were insufficient to overcome his vexatious conduct. Moreover, Markovich's refusal to dismiss the action with prejudice subject to Baiul's right to proceed solely in California unduly multiplied the proceedings and caused unnecessary expense.

Accordingly, the district court did not abuse its discretion in imposing § 1927 sanctions.

. . .

- 10 -

We have considered Baiul's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the orders of the district court.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>