# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11522

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2019

Lyle W. Cayce
Clerk

LONNIE KADE WELSH,

> Plaintiff - Appellant

v.

CORRECT CARE. L.L.C.; MARSHA MCLANE, TCCO Executive Director; MICHAEL SEARCY; BILL VANIER; JANIE SALAZAR; MARY LEAKS; BRIAN THOMAS, in his Individual Capacity as Director of TCCC; AMY GOLDSTEIN, in her Individual Capacity as Head of Clinical Operations at TCCC; CHRISTOPHER WOODS, in his Individual Capacity as Security Director at TCCC,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, JONES, and DENNIS, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Lonnie Kade Welsh appeals from an order dismissing his case with prejudice after his attempt to dismiss unilaterally without prejudice. Because the dismissal with prejudice was erroneous, we VACATE and REMAND.

I.

Welsh filed a state court action against Correct Care, L.L.C., Marsha McLane, Michael Searcy, and others, in which he alleged constitutional violations and other wrongs inflicted on him while he was in the custody of the

No. 17-11522

Texas Civil Commitment Office. After removing the case to federal court, defendants McLane and Searcy filed a partial motion to dismiss. McLane also filed an answer. Welsh then filed an amended complaint, which no defendant answered.

Months later, Welsh moved to dismiss his action without prejudice. After a clerical error, the court entered a *nunc pro tunc*[1] order dismissing the case "with prejudice" on the ground that at least one defendant—McLane— had answered. Welsh appeals, arguing that he was entitled to voluntary dismissal without prejudice and without a court order.

## II.

A plaintiff may unilaterally dismiss his action without prejudice by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). If the defendant has filed an answer or a motion for summary judgment, however, Rule 41(a)(2) permits dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." *Id.* 41(a)(2). Unless otherwise stated in the order, a dismissal under either subsection is without prejudice. *Id.* 41(a)(1)(B), 41(a)(2). We review the district court's decision for abuse of discretion. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002).

## A.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants Welsh an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion. Defendant McLane filed an answer to Welsh's earlier complaint,[2] but he did not answer Welsh's later-filed amended

---

[1] "Nunc pro tunc" translates literally to "now for then" and "denotes an order having retroactive legal effect through a court's inherent power." 60 C.J.S. *Motions and Orders* § 52, at 61 (2012).

[2] Welsh filed an original petition and an amended petition in state court. McLane answered the amended petition, which will be referred to as the "earlier complaint."

complaint. We must, therefore, determine whether filing an answer to the earlier complaint, but not to the amended complaint, is sufficient to preclude the plaintiff from voluntarily dismissing his claim as a matter of right under Rule 41(a)(1)(A)(i).

The Fourth Circuit addressed this issue in *Armstrong v. Frostie Co.* and determined that a plaintiff was barred from unilaterally dismissing his complaint under Rule 41(a)(1)(A)(i) where a defendant filed an answer to the plaintiff's original complaint but not to his amended complaint. 453 F.2d 914, 916 (4th Cir. 1971). The court reasoned that Rule 41(a)(1)(A)(i) "is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case" and the filing of an amended complaint "increased rather than nullified [the defendant's] burden." *Id.* Others have agreed. *See Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 (1st Cir. 1985) (noting that *Armstrong* stands for the proposition that "a plaintiff cannot supersede the cutting off of its right to give notice of voluntary dismissal by filing an amended complaint after an answer or motion for summary judgment has been filed by the defendant"); *Baiul v. NBC Sports*, 708 F. App'x 710, 713 (2d Cir. 2017) ("[N]o new right of dismissal is created by the filing of an amended complaint, even one with substantially new allegations."); *see also* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2363, at 122 (3d ed. Supp. 2018) ("Multiple courts have held that an answer to the plaintiff's original complaint is sufficient to preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint."); *cf. Van-S-Aviation Corp. v. Piper Aircraft Corp.*, 551 F.2d 213, 220 (8th Cir. 1977) ("The purpose of Rule 41(a)(1)[(A)](i) is to fix the point at which the resources of the court and the defendant are so

committed that dismissal without preclusive consequences can no longer be had as of right.").

We agree with the Fourth Circuit's reasoning and hold that the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i). *See Armstrong*, 453 F.2d at 916. Because McLane filed an answer to Welsh's earlier complaint, Welsh cannot utilize Rule 41(a)(1)(A)(i)'s voluntary dismissal without a court order as to that defendant. However, the Rules permit voluntary dismissal by notice and without a court order of any defendant who has not served an answer, which in this case is all defendants except McLane. *See* FED. R. CIV. P. 41(a)(1)(a)(i); *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973). Therefore, Welsh is entitled to dismissal by notice under Rule 41(a)(1)(A)(i) without prejudice and without a court order against all defendants other than McLane.

### B.

Because McLane filed an answer, the district court's dismissal of Welsh's claim against him falls under Rule 41(a)(2), which allows the court to impose conditions on the dismissal. The district court dismissed Welsh's claim with prejudice. A plaintiff typically "has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous." *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). Thus, "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss" rather than accept the dismissal with prejudice. *Bell v. Keystone RV Co.*, 628 F.3d 157, 163 n.4 (5th Cir. 2010). Where, as here, the plaintiff was not given the chance to withdraw the motion and reject the condition of dismissal with prejudice, a remand is in order. *See*

No. 17-11522

*Mortgage Guar.*, 904 F.2d at 301 (citing *Lau v. Glendora Unified School District*, 792 F.2d 929, 931 (9th Cir. 1986)).  Therefore, we find that the district court abused its discretion when it dismissed Welsh's case with prejudice without giving him the chance to reject or accept the dismissal.  *See id.*

\*\*\*

To summarize, as to all non-answering defendants, Welsh is entitled to unconditional dismissal by notice under Rule 41(a)(1)(A)(i) without prejudice and without a court order.  *See* FED. R. CIV. P. 41(a)(1)(A)(i); *Plains Growers*, 474 F.2d at 255.  As to defendant McLane, Welsh is entitled to dismissal by motion under Rule 41(a)(2) "on terms that the court considers proper" with the opportunity to retract his motion to dismiss if he finds the court's conditions too onerous.  *See* FED. R. CIV. P. 41(a)(2); *Mortgage Guar.*, 904 F.2d at 301. Accordingly, we VACATE the district court's order and REMAND for further proceedings consistent with this opinion.