# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2025

Lyle W. Cayce
Clerk

No. 24-30191
Summary Calendar

_____

Jean Paul Creppel,

*Plaintiff—Appellant*,

*versus*

J. R. Cashio, *Captain, A-EMT #521*; P. Smith, *Sergeant, NREM-P #586*; Cynthia Park, *Nurse Practitioner*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-290

_____

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Jean Paul Creppel, Louisiana prisoner # 501207, appeals from the district court's order dismissing his pro se 42 U.S.C. § 1983 complaint with prejudice. Although Creppel filed a motion to dismiss his complaint without prejudice, the district court granted that motion but dismissed the complaint with prejudice based on its determination that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Creppel's claim was untimely. The district court denied Creppel's motion to alter or amend the judgment and declined to change the dismissal to be without prejudice.

On appeal, now represented by counsel, Creppel contends that the district court erred by (1) failing to dismiss his complaint without prejudice, as permitted by Federal Rule of Civil Procedure 41(a)(1), and (2) concluding that his claim was untimely. Although we review the resolution of a voluntary motion to dismiss for abuse of discretion, "pure legal questions are reviewed de novo." *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 192 (5th Cir. 2018).

Rule 41(a)(1)(A)(i) "grants [a plaintiff] an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019). The record shows that the defendants in this case have not filed an answer or a motion for summary judgment. A dismissal under Rule 41(a)(1)(A)(i) is "effective without any court action." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025). Although Creppel filed his notice of dismissal as a "motion to dismiss," it was nonetheless effective as a Rule 41(a)(1)(A)(i) notice. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (holding that a pro se pleading is characterized based on its essence rather than on the attached label); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) (construing a motion for dismissal as a Rule 41(a)(1)(A)(i) notice of dismissal), *overruled on other grounds as recognized by Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394 n.2 (5th Cir. 2020); *Carter v. United States*, 547 F.2d 258, 259 n.2 (5th Cir. 1977) (same). Creppel's motion to dismiss therefore effectively ended the case without court action and resulted in a dismissal without prejudice. We therefore do not need to consider whether Creppel's claim was untimely.

No. 24-30191

Accordingly, we REVERSE the district court's judgment dismissing the complaint with prejudice and REMAND with instructions to enter an order acknowledging that the complaint was dismissed without prejudice.